## STATE OF TENNESSEE v. JACKSON.

(District Court, E. D. Tennessee.   July, 1888.)

EXTRADITION—INTERSTATE—FALSE AFFIDAVIT—HABEAS CORPUS.
    Under Rev. St. U. S. § 5278, providing that "whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate of any state or territory charging the person demanded with having committed treason, felony, or other crime certified as authoritative by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of

the state or territory to which such person has fled to cause him to be arrested and secured," etc., the person charged must be a fugitive from the state in which the crime was committed, before the executive authority can be called into action; and where he is delivered up to the authorities of that state on a requisition based on a false affidavit that he is a fugitive, he will be released on *habeas corpus*.

On Petition for *Habeas Corpus*.
*Russell, Titlow & Daniel,* for relator.
*W. L. Eakin,* for the State.

KEY, J. The facts of this case are as follows: The defendant resided in the city of Chicago, Ill. He sold the prosecutor a horse. The purchaser of the horse resided in Chattanooga, Tenn. The purchaser saw an advertisement in a Chicago newspaper offering the horse for sale, and the trade was completed by correspondence; Jackson remaining all the while in Chicago, and the purchaser in Chattanooga. The horse was shipped by rail to the purchaser, and the price remitted by mail to Jackson. After the arrival of the horse at his destination, and a trial of his abilities and qualities, the purchaser claimed that the horse was worthless, and that the price paid had been obtained by false and fraudulent pretenses; and he sued out a warrant against Jackson, which was issued by a justice of the peace in Chattanooga. The matter was placed in the hands of a detective, who made affidavit that Jackson had been charged with committing the crime of obtaining money by false pretenses against the state of Tennessee, and that he had fled from the state of Tennessee, and was in the state of Illinois; and the governor of Tennessee made requisition on the governor of Illinois for Jackson, under the provisions of section 5278, Rev. St. U. S. Armed with these papers, the detective went to Illinois, obtained a warrant from the governor of that state for the arrest of Jackson, and arrested him, and hurried him off to Tennessee, had him tried before a justice of the peace, and committed to jail. Thereupon Jackson filed a petition for a writ of *habeas corpus*, upon the ground that his arrest and confinement are unauthorized.

It is insisted for the prosecution that the mailing of the letter containing the money in the post-office here, addressed to Jackson at Chicago, was, in law, a delivery to Jackson, and that, in consequence, this state has jurisdiction, and, having such jurisdiction, and the defendant being here, no matter how, the authorities of the state have the right to retain him in custody for trial. Section 5278 provides that "whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate of any state or territory charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled, to cause him to be arrested and secured," etc. Accord-

ing to the provisions of this law, there must be, not only the commission of the crime, but the person charged must be a fugitive from the state in which it was committed, before the executive authority can be called into action. Jackson was not a fugitive. He had not, in all his life, been in Tennessee; had never fled from it; and his case did not fall within the positive terms of this law. The oath of the detective was false, and the governors of the two states imposed upon. The whole proceeding was a fraud upon the law. If this arrest and imprisonment are to be maintained, the opportunities for wrong and abuse of this law will be great and wide-spread. Commercial transactions are largely conducted by mail and by telegraph. If the seller at one end of the line, and the buyer at the other, with the aid of detectives, in cases of dispute and controversy between them are to be allowed, under such proceedings as these, to have the citizens of one state carried to another state for trial under the false allegation that the person charged has fled, instances of oppression may not be few. It seems to me that the general government cannot stand by and see its laws so trifled with and abused. It is well settled, as I understand it, that where treaties between this government and a foreign nation provide for the extradition of persons charged with certain specific offenses, and where extradition has been obtained upon the ground that such an offense has been committed, the person whose custody and return has been so obtained, cannot, when brought in the jurisdiction of the court, be tried for a different offense, especially if it be not embraced in the terms of the treaty. Such a case is not altogether analogous to the one in hand, but it tends to show the good faith required between nations. Certainly the same character of faith should obtain between the executive authorities of the different states of this nation, which in many respects are foreign to each other. It seems to me that such authority should not be held to the seizure and removal of a citizen of its state when such seizure and removal were procured by fraud, falsehood, and imposition. It is ordered that the petitioner be discharged.