(119 So. 408)

No. 29543.

## STATE v. SITNER.

Nov. 26, 1928.   Rehearing Denied Jan. 2, 1929.

Chandler C. Luzenberg, Sr., and James A. Lindsay, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

BRUNOT, J.   The defendant was arrested in New Orleans, La., on an affidavit charging him with being a fugitive from justice from the state of Florida.  He secured counsel and, on an application to the judge, he was admitted to bail.  The appearance bond was fixed at $5,000, and it was signed by Joseph M. Ourso.  The affidavit upon which the arrest was made was sworn to on February 10, 1928, and the accused was released on bond on February 15, 1928.  On July 23, 1928, 163 days after the affidavit was made, and 158 days after the accused was released on bond, he was called to the bar of the court for a hearing upon the affidavit.  He failed to appear, whereupon notice was served upon his surety, and thereafter the district attorney moved the forfeiture of the bond.  The surety filed a motion in arrest of the forfeiture.  The motion in arrest of the forfeiture was overruled, and the court rendered a judgment decreeing the bond forfeited.  The surety then filed a motion to set aside the forfeiture of the bond, and from a judgment overruling this motion he appealed.

Both motions, the one in arrest of the forfeiture, and the one to set aside the judgment decreeing the forfeiture, alleged as follows:

"That the affidavit in this case wherein the said Harry Sitner is charged with being a fugitive from justice from the City of Orlando, Florida, wherein it is alleged that he did then and there commit the crime of forgery and uttering, as shown by the affidavit, was made upon the 10th day of February, 1928, and more than 90 days has elapsed since the making of the affidavit; and he, Joseph M. Ourso, doth further say that the said Harry Sitner was arrested on the 10th day of February, 1928, under the said charge and was detained in the Parish Prison, Parish of Orleans, until the 15th day of February, 1928, on which said day he was released on bond and more than 90 days has elapsed from the day on which he was released on bond.  And as further ground why judgment should not be entered in this case he, the Joseph M.

Ourso, doth further say: That all things pertaining to said bond in this case are null and void and contrary to law for this, to wit: That the defendant, Harry Sitner, was not charged with having committed a crime against the State of Louisiana, but being a fugitive from justice from the State of Florida, and the law expressly provides that the Judge or Justice who issues the warrant for the arrest of a fugitive from justice shall commit or discharge the accused, and there is no warrant in law which permits the judge to issue a bail order in such case; and no warrant in law which permits the sheriff to accept bail in such a case."

The law upon which appellant relies is section 1038 of the Revised Statutes, which is as follows:

"When any person shall be charged on oath of any creditable person, before any judge or justice of the peace of this State, with having committed any crime within any state or territory of the United States, and has fled from justice, it shall be the duty of such judge or justice to issue his warrant for the arrest of such accused, and to proceed to the examination of such case, and commit or discharge the accused, as such judge or justice may determine, provided no person so accused shall be detained in custody exceeding ninety days."

Appellant also attacks the constitutionality of Act 103 of 1924, which act relates to the forfeiture of appearance bonds in the criminal district court of the parish of Orleans. In our opinion, a proper decision of this case does not require us to consider this contention, and we, therefore, pass it without comment.

■■ The contention of the state that, under the provisions of section 12, art. 1, of the Constitution of 1921, a person who is arrested in this state on a warrant charging him with being a fugitive from justice from another state is entitled to bail, pending the examination of the case, which is required by

the statute quoted supra, is likewise a question which may be left for future determination, for the reason that in this case the bond was forfeited more than five months after the alleged fugitive from justice was arrested and released on bond. The provisions of the statute, requiring an examination of the case and fixing a maximum time for the detention of an alleged fugitive from justice in custody, are mandatory. In a strikingly similar case, State of Louisiana v. Lucien Laughter, No. 38012, section D, criminal district court, parish of Orleans, Judge Frank T. Echezebal's reasons for judgment appear to dispose of the question we are considering in a manner so consonant with our view that we approvingly quote therefrom the following:

"Lucien Laughter, on April 2, 1927, was charged under Revised Statutes, Section 1038, with being a fugitive from justice from the city of Memphis, state of Tennessee, where, it was alleged, he had violated a liquor law.

"Section 1038 of the Revised Statutes is not a penal statute, but merely a statute intended to aid the states and territories in the prosecution of persons fleeing from their jurisdictions to this state.

"The power of the state of Louisiana to institute proceedings against a fugitive from justice is not prescriptible. The right of the State to initiate such proceedings prevails as long as the accused is a fugitive from justice. But Revised Statutes, section 1038, provides that 'no person so accused shall be detained in custody exceeding ninety days.' * * *

"The accused was taken into custody April 2, 1927, and on August 15, 1927, the date of the forfeiture, more than ninety days having elapsed, the accused had been already released from the custody of his surety by operation of law. R. S. section 1038. On August 15, 1927, the surety owed no further duty to the State under the bond, nor did he any longer possess the power to compel the accused to respond to the charge contained in

the affidavit of April 2, 1927, under which he had become surety, for the reason that under the provisions of R. S. section 1038, the accused could no longer be detained in custody under that affidavit, and all the rights the state may have had under the said affidavit became extinguished by limitation, upon the completion of the ninetieth day of defendant's detention in custody. * * * "

For the reasons stated, it is decreed that the judgment of forfeiture herein appealed from be, and it is hereby, avoided and reversed.

ST. PAUL, J., dissents.