**165 So. 717**

**STATE v. BIRNBACH.**

No. 33717.

Feb. 3, 1936.

Frank A. Blanchard and Geo. T. McSween, both of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., Jas. O'Connor, Asst. Atty. Gen., James U. Galloway, Dist. Atty., and John R. Pleasant, Asst. Dist. Atty., both of Shreveport, and Lessley P. Gardiner, Special Asst. Atty. Gen., for the State.

ODOM, Justice.

On July 20, 1935, the district attorney for the First judicial district court of the parish of Caddo made and filed an affidavit charging that the defendant, R. M. Birnbach, was a fugitive from justice, state of Texas, being charged in that state with the crime of forgery. A warrant was issued for the arrest of the defendant, and on the same day he was arrested by the sheriff, brought into court, and was released upon furnishing bond in the sum of $500, which was signed by Hazel D. Koch as surety. The bond contained the stipulation that, "if the said R. M. Birnbach shall well and truly make his personal appearance in the district court from day to day and from term to term, to answer the charge exhibited against him as aforesaid, and not to depart the court without leave first had and obtained, then in that case, this bond shall be null and void; otherwise to remain in full force and virtue of law."

On motion of the district attorney made in open court, the defendant was ordered to appear at 2 p. m. on August 2, 1935, and on the same day the surety on his bond was ordered to produce him in court. Neither the defendant nor his surety made appearance on that date, and on September 23 the defendant was ordered to appear on September 30; his surety being notified to produce him in open court on that day. These notices specified that, unless the defendant appeared in open court on that date, his bond would be forfeited. He made no appearance, and his bond was forfeited, and judgment rendered against the defendant and his surety in solido in the sum of $500 in favor of the Governor of the state.

Subsequently Hazel D. Koch, surety on the bond, ruled the district attorney to show cause why the forfeiture of the bond should not be set aside on the grounds, first, that there was no law permitting an alleged fugitive from justice to be admitted to bail under the laws of this state; second, that the court was without jurisdiction or right to order the taking of bail in cases where the defendant is merely charged with being a fugitive from justice; and, third, that, where there is no law authorizing the execution of such bond, the same is null, void, and has no force or effect.

Subsequently the surety filed what is termed a "Motion and plea of estoppel," in which it is alleged that said forfeiture should be set aside for the following reasons:

(a) "That defendant is not charged with any crime whatsoever; that sureties have been given no opportunity to arrest their principal."

(b) "That more than thirty days have elapsed since the arrest of said principal as a fugitive and no warrant of extradition has been presented or started."

(c) "That said bond is given after the principal was adjudged a fugitive from justice."

(d) "That the court is without jurisdiction, authority or right to fix said bond, and the sheriff was without authority to release said principal after his adjudication as a fugitive from justice."

The motions to set aside the forfeiture of the bond were overruled by the court, and the surety on the bond appealed.

The appellant has filed no brief in this court, but filed an application praying that she be permitted to submit her case without the filing of a brief for the following reasons:

"That the only question of law herein involved is articles 168 and 169 of the Code of Criminal Procedure; the facts show conclusively that the defendant, Birnbach, was adjudged a fugitive from justice before the bond herein sued on was executed.

That all judicial bonds must be authorized, otherwise same are null and void and of no effect."

From this we understand that appellant has abandoned all other defenses.

 Article 169 of the Code of Criminal Procedure reads as follows:

"Whenever any person shall have been arrested, whether upon affidavit or upon the Governor's warrant, as a fugitive from justice, such person, unless the crime charged against him be capital in the state or territory from which he shall be alleged to have fled, shall be entitled to be discharged on bail until there be judgment decreeing him a fugitive from the justice of such state or territory."

It is perfectly clear that, when a person is arrested on a warrant charging that he is a fugitive from justice, he is entitled to bail at any time prior to the date on which he is adjudged by the court to be a fugitive from justice. It is clear also that, after he is adjudged a fugitive, he is not entitled to bail. Therefore the contention made by counsel for appellant would unquestionably be correct if the facts disclosed by the record supported their contention. But counsel are in error when they state that the bond was fixed and given after the defendant was adjudged a fugitive from justice. The contrary is true. The record discloses that the defendant was arrested and gave bond on the day the affidavit and warrant were issued and that there was never any judgment rendered decreeing him to be a fugitive from justice. On two occasions the defendant was notified to appear in open court, the purpose of his appearance being that a hearing might be had on the question as to whether he was in fact a fugitive. He made no appearance, and his bond was accordingly forfeited.

 The bail bond was authorized by article 169 of the Code Cr.Proc., and the same rules with reference to the forfeiture of appearance bonds which govern criminal cases generally are applicable to cases of this kind.

We find no error in the proceeding. The judgment appealed from is affirmed.

O'NIELL, C. J., and FOURNET, J., take no part.