39 So.2d 729

**STATE v. COMMISSO.**

**In re COMMISSO.**

**No. 39287.**

Feb. 14, 1949.

Rehearing Denied March 21, 1949.

Lloyd C. Hoffmann, of New Orleans, for relator.

Herve Racivitch, Dist. Atty. and Guy Johnson, 1st Asst. Dist. Atty., both of New Orleans, for respondent.

PONDER, Justice.

The defendant was charged in an affidavit in the City of New Orleans on November 8, 1948 with being a fugitive from justice from the States of Ohio and Tennessee. He was arrested and placed in the parish prison. Shortly thereafter, the Governor of Tennessee made requisition to the Governor of Louisiana and a warrant was issued for the arrest and delivery of

the fugitive to the Tennessee authorities. The defendant refused to return to Tennessee and he was granted a hearing in the Criminal District Court of Orleans Parish on November 29, 1948. At this hearing the district attorney sought to introduce into evidence the warrant of the governor of this state and certified copies of the requisition papers, the originals of which had been filed with the governor of this state. On objection of counsel for the defendant, the requisition papers and the warrant were refused in evidence because the indictment accompanying the requisition papers had not been properly certified and authenticated as required by law. The court instructed the Tennessee agents to secure the correction of the requisition papers and return for a hearing to be held on December 8th. On December 6th, prior to the date fixed for the hearing, the district attorney nol-prossed the affidavit and a new affidavit charging the defendant with being a fugitive from justice was executed. The district judge granted an order authorizing the defendant to be released from prison on bond in the amount of $5,000.00 which the defendant was unable to make and he is now incarcerated in the parish prison. On December 13th, the defendant applied to this Court for a writ of habeas corpus which was denied on the ground that this Court would not entertain the application unless the defendant had exhausted his remedy in the lower court as required by Article 114 of the Code of Criminal Procedure. See State of Louisiana v. James V. Commisso, bearing docket No. 39,287 of this Court. On January 3rd, thereafter, the defendant applied to the Criminal District Court for a writ of habeas corpus. The application was denied and the defendant has invoked our supervisory jurisdiction. Writs were granted, a rule nisi was issued and the matter is now submitted for our determination.

The relator concedes that the State has a right under the provisions of Article 168 of the Code of Criminal Procedure to detain him for a period of thirty days. He concedes that when a proper demand has been made that he may be held for a period of six months. However, he contends that no proper demand has been made as required by the federal laws and the laws of this state and that the lower court had no authority to imprison him after the expiration of the thirty day period.

It appears that there are two issues involved in this controversy. First, whether a proper demand has been made and, second, whether or not a fugitive can be held to await extradition for a period exceeding thirty days by executing subsequent affidavits.

Under the provisions of Article 168 of the Code of Criminal Procedure, the State may detain a person accused of being a fugitive from justice for thirty days to await extradition and if no extradition proceedings are begun within that period of time the accused must be discharged.

Under the provisions of Article 160 of the Code of Criminal Procedure, the governor of this state cannot issue a warrant for the arrest and return of the fugitive unless the requisition be accompanied by a duly certified copy of the sworn statement of the complainant, of a statement of the facts of the prosecuting attorney, and of the indictment pending in the demanding state.

Under the provisions of the federal statute, R.S. § 5278, 18 U.S.C.A. § 662, [now § 3182], the demanding state must produce a copy of the indictment pending in that state certified as authentic by the governor of the state when he demands the return of the fugitive.

Under the provisions of Article 166 of the Code of Criminal Procedure a fugitive from justice may refuse to return to the demanding state in which event he is granted a hearing. If upon that hearing it shall appear that a copy of the indictment accompanying the requisition papers of the demanding state has not been certified as authentic by the governor of the demanding state, the accused must be discharged without delay. Article 167, Code of Criminal Procedure.

In the hearing of this habeas corpus proceeding in the lower court the requisition papers and the warrant of the governor of this state were not admitted in evidence because the copy of the indictment accompanying the requisition papers had not been certified as authentic by the governor of the demanding state.

The federal statutes and our statutes, requiring the copy of the indictment to be duly certified and authenticated, are in accord. The very basis upon which a requisition is founded is a pending charge against a fugitive in the demanding state and the basis upon which the governor of this state issues his warrant is that an accused has fled from a state where a charge is now pending against him.

We pointed out in the case of State ex rel. Covington v. Hughes, 157 La. 652, 102 So. 824, that a requisition accompanied by an indictment that had not been certified by the governor of the demanding state was void and could not form the basis for an extradition proceeding. We cited therein a federal authority to support that pronouncement.

■ A certified copy of the indictment must accompany the requisition of the governor of the demanding state in order to justify an order for his arrest and an indictment not certified by the governor of the demanding state cannot be considered. 22 Am.Juris. p. 277, par. 40; In re Reggel, 114 U.S 642, 5 S.Ct. 1148, 29 L.Ed. 250; Kurtz v. State, 22 Fla. 36, 1 Am.St.Rep. 173; State ex rel. Treseder v. Remann, 165 Wash. 92, 4 P.2d 866, 78 A.L.R. 412; State of Tennessee v. Jackson, D.C., 36 F. 258, 1 L.R.A. 370, 371; Ex parte Hart, 4 Cir., 63 F. 249, 28 L.R.A. 801, 804.

The executive making the demand must furnish evidence of the charge upon which the demand is made. He cannot make the charge. The requisition, though indispensable, if not accompanied by the proper papers, has no legal force. Scott on Interstate Rendition, p. 90, par. 64 & p. 94, par. 69.

■ No proper demand has been made for the return of the accused by the demanding state. Consequently, extradition has not begun. The authorities of this state are not warranted in holding the accused beyond the thirty day period when no extradition proceedings have begun. The state cannot hold the accused by successive affidavits for any time beyond the thirty day period to await extradition.

The district attorney has cited a number of cases where corrections were allowed in extradition proceedings, but we do not find that any of these cases are in point because none of the authorities cited deal with the certification of the indictment upon which the requisition is founded.

The federal and state statutes both set forth the essential requirements for the demand, one of which is that the indictment must be certified by the governor of the demanding state.

■ The district attorney in his brief states that proper requisition papers have now been delivered to the governor of this state but that the Tennessee authorities have not taken further action on account of the granting of the writs herein. He

evidently overlooks the fact that we only issued a rule in this case and did not execute a stay order. There is nothing to prevent the authorities from proceeding under a warrant of the governor of this state issued under a proper demand. We are merely passing on the issues presented to us.

For the reasons assigned, the judgment of the lower court is reversed and set aside and the defendant is ordered discharged.

O'NIELL, C. J., does not take part.

HAWTHORNE and McCABEB, JJ., concur in the decree.