56 So.2d 416

STATE v. SVOBODA et al.
No. 40426.

Dec. 10, 1951.
Rehearing Denied Jan. 14, 1952.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., James P. Screen, Matthew S. Braniff, Asst. Dist. Attys., New Orleans, for appellant.

William C. Orchard, New Orleans, for appellees.

PONDER, Justice.

The defendant, John W. Svoboda, was charged on February 26, 1951 in an affidavit with being a fugitive from justice in that he had committed the crime of confidence game in the State of Illinois. On the same date a warrant was issued, the accused was arrested and admitted to bail in the amount of $3,000 with E. J. Rovira as surety. Upon the requisition of the Governor of Illinois, the Governor of the State of Louisiana issued a warrant for the arrest of the defendant on March 26, 1951. The defendant was called to appear in court on March 30, 1951, at which time he failed to appear. He again failed to appear on April 6th when called. He was then called for appearance on April 13th, at which time counsel for the surety informed the court that the defendant had absconded. The state proceeded to forfeit the bond. Counsel for the surety on the bond moved to arrest the forfeiture proceedings on the grounds that no extradition proceedings had begun against the defendant on or before the 30th day after the filing of the affidavit charging the defendant with being a fugitive from justice and that the state no longer possesses the power to compel the accused to respond to the charge contained in the affidavit because the complaint has prescribed. On hearing of the motion, counsel for the surety introduced in evidence a copy of the requisition papers executed by the Governor and officials of Illinois. The lower court reserved its ruling on the plea of prescription and held that

the surety could interpose all the defenses possessed by his principal and that the requisition of Illinois was null and void for the reason that it did not contain a sworn statement by the complainant. The trial judge maintained the motion of arrest and dismissed the proceedings. The state excepted to the rulings and has appealed.

▮ The sole question presented for determination is whether or not the surety on the bond has the right to go behind the warrant of the governor of this state and test the sufficiency of the requisition from the State of Illinois. The warrant of the governor of this state was issued within thirty days from the time the affidavit was made. Under Article 168 of the Code of Criminal Procedure, LSA–R.S. 15:-168, an accused may be held for thirty days to await extradition. Under Article 160, LSA–R.S. 15:160, the governor may issue the warrant upon requisition made by the governor of another state. A reading of Articles 161 to 167 of the Code of Criminal Procedure, LSA–R.S. 15:161 to 15:-167, reveals the manner in which the return on the warrant shall be made, the appearance before the committing magistrate before delivery, the manner in which the accused may consent or refuse to be delivered to the custody of the authorities of the demanding state, the right and manner of a hearing afforded an accused and the right to test the sufficiency of the requisition at the hearing. Article 169 of the Code of Criminal Procedure, LSA–R.S. 15:-

169, gives an accused the right to bail until there be judgment decreeing him a fugitive from justice. In the case of State ex rel. Burnett v. Flournoy, 136 La. 852, 67 So. 929, it was held that the warrant of the governor was sufficient to hold an accused and that, if the accused doubted the sufficiency of the evidence justifying the issuance of the warrant, the doors of the court were open to him to test it in proper proceedings. In the case of State v. Birnbach, 184 La. 215, 165 So. 717, wherein the surety on a bond similar to the one herein involved sought to set aside the forfeiture of the bond, this court stated in effect that the purpose of the accused's appearance is that a hearing might be had as to whether he was in fact a fugitive, and, since the accused made no appearance and his bond was accordingly forfeited, that there was no error in the proceedings. The court pointed out therein that the bail bond authorized by Article 169 of the Code of Criminal Procedure is governed by the same rules with reference to its forfeiture as those applying to the forfeiture of appearance bonds in criminal cases generally. To permit the surety to raise the defenses that might have been raised by an accused upon a hearing authorized under Article 167 of the Code of Criminal Procedure would be contrary to all established rules governing appearance bonds and their forfeiture. It will be noted that the accused may at the hearing test the sufficiency of the requisition and, if the requisition is found to be insufficient, that the accused

shall be discharged. In other words, the hearing is to determine whether or not the accused shall be adjudged a fugitive from justice. This can only be determined at the hearing.

■ It is urged that the holding in the case of State v. Sitner, 167 La. 407, 119 So. 408, supports the ruling of the trial judge. We have examined that case and find that it is not in point. In the Sitner case the surety on the bond was released because no steps were timely taken to extradite the accused and no warrant for his arrest was issued by the governor of this state. In State v. Commisso, 214 La. 1055, 39 So.2d 729, relied on by the surety, an attempt was made to hold an accused by successive affidavits beyond the thirty day period fixed by Article 168 of the Code of Criminal Procedure. In that case a hearing was given the accused who was present and the sufficiency of the requisition was questioned at the hearing. What was said in that case had reference to what was established at the hearing. In other words, we were discussing evidence adduced at the hearing authorized by Article 167 of the Code of Criminal Procedure.

■ In the present case the accused absconded and there was no opportunity for a hearing. Under the provisions of Article 108, Code of Criminal Procedure, LSA–R.S. 15:108, bonds taken to secure the appearance of any person before any district court may be forfeited if the accused fails to appear and answer when

called at the time fixed for appearance. It provides that the forfeiture may be set aside upon the appearance, and trial and conviction or acquittal of the defendant. Article 110, LSA–R.S. 15:110 provides the method by which the surety is released, and that is by making a formal surrender of the accused to the sheriff or his deputy, in open court, or within the four walls of the prison of the parish, and not otherwise.

For the reasons assigned, the judgment of the lower court, dismissing the forfeiture proceedings, is reversed and set aside. The forfeiture proceedings are reinstated and the case is remanded to the lower court to be proceeded with according to law.