Joseph LOTT, Appellant,

v.

Louis A. HEYD, Sr., Criminal Sheriff,
Parish of Orleans, Louisiana,
Appellee.

No. 20066.

United States Court of Appeals
Fifth Circuit.

April 4, 1963.

Harry F. Connick, Edward G. Koch, Jr., New Orleans, La., for appellant.

Philip Foto, New Orleans, La., Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty. for Parish of Orleans, for appellee.

Before PHILLIPS *, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from *habeas corpus* proceedings. Appellant was arrested by Louisiana authorities on the basis of an affidavit [1] dated June 18, 1962. Extradition papers from Mississippi arrived on July 20 and 24, 1962. Rendition proceedings were held in the State Criminal District Court July 21 and August 6, 1962 at which time appellant pled the thirty day prescriptive period set out in LSA—

---

* Of the Tenth Circuit sitting by designation.

1. LSA–R.S. 15:168

"§ 168. Issuance of warrant for arrest of fugitive; hearing before committing magistrate

"When any person shall be charged on the oath of an credible person, before any committing magistrate, with being a fugitive from the justice of any other state or territory, such committing magistrate shall issue his warrant for the arrest of the accused, and if, after a hearing, in open court, the committing magis-

trate shall be of the opinion that the accused is a fugitive from justice, the accused shall be committed to await extradition, otherwise shall be discharged; provided that if on or before the thirtieth day after any affidavit shall have been made charging any person with being a fugitive from the justice of another state or territory, extradition proceedings shall not have been begun against him in this state, he shall be entitled to be forthwith discharged."

R.S. 15:168, but the court held that the § 168 prescriptive period "was of no moment" inasmuch as the prisoner was then being held under the Louisiana Governor's warrant of arrest, LSA–R.S. 15:160. The court below denied a writ of habeas corpus.

LSA–R.S. 15:168 is a state statute *implementing* 18 U.S.C.A. § 3182 [2] in that the federal statute provides that, *after* request by the executive authority of the fugitive state, the executive authority of the asylum state shall have the fugitive arrested and held thirty days. The Louisiana statute is a holding statute, allowing an arrest on affidavit *pending* an extradition request.

State v. Commisso, 214 La. 1055, 39 So.2d 729 (1949) held that "The state cannot hold the accused by successive affidavits for any time beyond the thirty day period to await extradition. * * * [but] There is nothing to prevent the authorities from proceeding under a warrant of the governor of this state issued upon a proper demand."

We agree. Assuming that the appellant was held for three days without legal authority, no federally-protected rights were violated and to hold that Louisiana's alleged misbehavior deprived Mississippi of its Constitutional [3] right to the fugitive would amount to allowing the State of Louisiana to amend the Constitution.

2. "§ 3182. Fugitives from State or Territory to State, District or Territory
"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be

The judgment of the court below is right and is

Affirmed.

WISDOM, Circuit Judge.

I concur in the result.

arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

3. Art. 4, Sec. 2, cl. 2, U.S.Const.
"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."