COVINGTON, Justice Ad Hoc.*
The relator, William F. Ross, has sought remedial writs in an extradition proceeding initiated by the State of Texas on a charge of theft by check. He assigns three errors.
FACTS
After the relator’s arrest, defense counsel requested an extradition hearing, which was set for June 12, 1980. At the hearing the extradition papers had not been received from Texas, so the court issued an order granting the State of Texas an additional 30 days from June 12, 1980 “within which to furnish the proper and necessary papers to the Court.”
The extradition papers were furnished to the court on August 28, 1980. Thereupon, defense counsel requested release, which was denied; then he sought remedial writs and a stay of the extradition proceedings, which this Court granted on October 6, 1980.
Assignment of Error No. 1
The relator contends that he must be discharged because the State of Texas failed to furnish the Louisiana court neces *442 sary and proper extradition papers within the thirty-day period permitted by Judge Kollin’s order of June 12, 1980.[1]
This extradition proceeding was commenced pursuant to La.C.Cr.P. art. 269,[2] by Judge Kollin issuing a warrant for the arrest of Ross in this State on the affidavit of a deputy sheriff of Jefferson Parish charging Ross with being a “Fugitive from Justice” from the State of Texas, where said subject was wanted for the crime of theft by check. The judge granted the State of Texas thirty days, or until July 12, 1980, to furnish the extradition paper and released the relator on bail. La.C.Cr.P. art. 270.[3]
The record does not reflect that a hearing was held on or before July 12, 1980, hence by its own terms the order of the court expired. The record reveals that on August 28, 1980, the court took up the extradition hearing, the reading of the affidavit was waived and “the papers on the defendant from Texas” were offered as evidence.[4] Then, on oral motion the State continued the matter until September 11, 1980. The documents, which are attached hereto as Appendix, consist of warrant of the Governor of Louisiana dated July 17, 1980; warrant of the Governor of Texas dated July 8, 1980; certain affidavits of authorities of the State of Texas; and the grand jury indictment in Texas.
We have reviewed the record and find that the State of Texas failed to furnish proper and necessary papers for the extradition of William F. Ross within the prescribed time. La.C.Cr.P. art. 270. It is well established in this S,tate that in default of the demanding state furnishing the asylum state proper and necessary extradition papers within the prescribed time, the extradition proceeding will be dismissed and the accused discharged. See State v. Fletcher, 283 So.2d 495 (La.1973); State v. Sitner, 167 La. 407, 119 So.2d 408 (1928).
In State v. Commisso, 214 La. 1055, 39 So.2d 729, 731 (1949), this Court stated:
“The authorities of this state are not warranted in holding the accused beyond the thirty day period when no extradition proceedings have begun. The state cannot hold the accused by successive affidavits for any time beyond the thirty day period to await extradition.”
Neither can the State hold the accused by successive extensions of time or continuances for any time beyond the thirty day period fixed by La.C.Cr.P. art. 270. Both the *443 demanding state and the asylum state should be ready at the outset with the proper and necessary papers; but, if not, articles 269 and 270 of the Code of Criminal Procedure provide a reasonable procedure to hold the accused for a definite period of time within which such extradition papers can be furnished to the asylum state. If the state is unable to meet La.C.Cr.P. art. 263 at that time, the accused must be discharged.[5] The law does not permit the State to hold indefinitely over the head of an accused a threat of extradition, whether or not he is imprisoned or out on bail.
Moreover, we hold that these proceedings were initiated improperly. The accused was arrested on an affidavit of a Jefferson Parish deputy sheriff who had no personal knowledge of the facts which occurred in Texas, and which formed the basis of this arrest; hence, the arrest was without probable cause. The affidavit to support an arrest warrant in an extradition proceeding must comply with the requirements for an affidavit to support any arrest warrant. See Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Fletcher, supra.
In view of our ruling that William F. Ross must be discharged because there was not timely compliance with the requisites of La.C.Cr.P. art. 270, it is not necessary that this Court consider the other assignments of error.
For the reasons assigned, our remedial writ is made peremptory; the extradition proceedings against William F. Ross are dismissed and he is ordered discharged from the extradition warrant.
WRIT MADE PEREMPTORY.
MARCUS, J., dissents.
DENNIS, J., dissents with reasons.
APPENDIX

*444

*445

*446 TO THE HONORABLE WILLIAM P. CLEMENTS, JR., GOVERNOR OF THE STATE OF TEXAS:
The undersigned, William A. Meitzen, District Attorney for the County of Fort Bend, State of Texas, respectfully applies for your requisition upon the Governor of the State of Louisiana for the apprehension and redition of William Ross, who is charged in due form of law with Theft by Check, to wit: did then and there appropriate property, to-wit: 280 cases Popeyes general cleaner 6X1 gal. and 120 cases Diatom 80-1% ounce bags/case of the value of nine thousand five hundred ninety four and 28/100 Dollars ($9,594.28) from J. L. Brown, the owner thereof, without the effective consent of the owner and with intent to deprive said owner of said property by then and there issuing and passing a check on the First National Bank of St. Bernard Parish, Arabi, Louisiana, to the ■said owner for the payment of nine thousand five hundred ninety four and 28/100 ($9,594.28), which check was in the tenor following:

when the said Defendant, the issuer of said check, did not have sufficient funds in and on deposit with said bank for the payment in full of said checks, as well as all other checks then and there outstanding upon such funds; and thereafter said check was presented to said bank for payment and payment was refused for want of sufficient funds of the said defendant in and on deposit with said bank.
By indictment filed in said Court on the 19th day of April, A. D., 1980, and capias issued thereon.
The undersigned alleges that the acts complained of were intentionally committed by the accused in the State of Texas and that the undersigned is informed by reliable sources and verily believes that the accused is in the City of Gretna, Parish of Jefferson, State of Louisiana, in the custody of Harry Lee, Sheriff in Jefferson Parish, Gretna, Louisiana.
Further accompanying this application is an affidavit as to the reason for believing the named accused and said person now believed to be in the City of Gretna, Parish of Jefferson, State of Louisiana, on one and the same person.
Further accompanying this application is a copy of the applicable portions of the particular statute bearing upon the offense charged certified as being true and correct copy thereof by the undersigned.
Respectfully yours,
(s) William A. Meitzen William A. Meitzen
District Attorney
Fort Bend County, Texas
THE STATE OF TEXAS X
COUNTY OF FORT BEND )(
William A. Meitzen, District Attorney for the County of Fort Bend in the State of *447 Texas, being duly sworn states that he has read the foregoing application by him signed and that all the statements therein made are true and correct, that the offense charged is in violation of the laws of the State of Texas and that he is reliably informed and believes the accused party therein named is now in the State of Louisiana. He further states that the official before whom this jurat is taken is a duly qualified and acting official under the laws of this State to administer oaths and affirmation.
(s') William A. Meitzen William A. Meitzen
District Attorney
Fort Bend County, Texas
SUBSCRIBED AND SWORN TO BEFORE ME by William A. Meitzen, this the 23rd day of June, A.D., 1980, to certify which witness my hand and seal of office.
(s') Dianne S. Maples Notary Public in and for Fort Bend County, Texas
TEXAS PENAL CODE
TITLE 7, CHAPTER 31, SECTION 31.03
CRIMINAL CLASSIFICATION-THEFT
(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property-
(b) Appropriation of property is unlawful ■ if:
(1) it is without the owner’s effective consent; .. .
(d) an offense under this section is:
(4) a felony of the third degree if (A) the value of the property is $200 or more but less than $10,000 . . .

TITLE 7, CHAPTER 31, SECTION 31.01

DEFINITION — “EFFECTIVE CONSENT”
31.01(4): “Effective consent” includes consent by a person legally authorized to act for the owner. Consent is not effective if:
(A) induced by deception ....

TITLE 7, CHAPTER 31, SECTION 31.06

PRESUMPTION FOR THEFT BY CHECK
(a) If the actor obtained property ... by issuing or passing a check or similar sight order for the payment of money, when the issuer did not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders then outstanding, his intent to deprive the owner of property under Section 31.03 of this code (Theft) ... is presumed (except in the case of a postdated check or order) if: .... (2) payment was refused by the bank or other drawee for lack of funds or insufficient funds, on presentation within 30 days after issue, and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal.
(b) and (c): (Set out rules on notice.)
THIRD-DEGREE FELONY PUNISHMENT
(a) An individual adjudged guilty of a felony of the third degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years.
(b) In addition to imprisonment an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $5,000.
CERTIFICATE OF ACCURACY
THE STATE OF TEXAS
COUNTY OF FORT BEND
I, Winston Earle Cochran, Jr., Assistant District Attorney in and for Fort Bend County, Texas, hereby certify that the above and foregoing is a true and correct copy of the relevant language of those sections of the Texas Penal Code pertaining to the offense charged in this cause, namely Theft by Check, and constitutes the present and existing law in the State of Texas at this time.
*448 IN WITNESS WHEREOF, I subscribe my name at my office in Richmond, Texas this the 11th day of June, 1980.
(si Winston Earle Cochran. Jr. Winston Earle Cochran, Jr.
Assistant District Attorney
Fort Bend County, Texas

when the said Defendant, the issuer of said check, did not have sufficient funds in and on deposit with said bank for the payment in full of said check, ‘ as well-.as all other checks then and there outstanding upon such funds; and thereafter said check was presented to said bank for payment and payment was refused for want of sufficient funds of the said defendant in and on deposit with said bank.

*449

*450

On Rehearing

BLANCHE, Justice.
Defendant, William Ross, was arrested on June 2, 1980 in Jefferson Parish, Louisiana on the authority of a fugitive arrest warrant signed by Judge Walter E. Kollin of the Twenty-Fourth Judicial District Court. The warrant was based upon the affidavit of Jefferson Parish Sheriff’s Deputy Dussel, which affidavit stated that defendant was wanted for the crime of theft by check, value of $9,594.28, in Texas. The affidavit recited that the Jefferson Parish Sheriff’s Office had on file a warrant from the State of Texas for the arrest of defendant. This warrant was issued on the basis of the indictment of defendant, for this offense of theft by check, by a Texas grand jury.
On June 12, 1980, Judge Kollin signed an order granting the State of Texas “an additional 30 day period from the date hereof within which to furnish the proper and necessary papers to the Court in accordance with Article 268 of the Code of Criminal Procedure.” In the text of this order the judge stated that the order was rendered in response to defendant’s motion for an extradition hearing filed June 3, 1980 and after consideration of that motion and of articles 267 and 268 of the Code of Criminal Procedure.
The record reflects that on July 8, 1980 defendant did not appear before the court for an “Extradition Hearing” and the matter was continued until July 17, 1980 at the request of the district attorney. On July 17, defendant did not appear before the court and an attachment was issued. On July 24, 1980, defendant appeared before the court and the attachment was recalled and a bond forfeiture set aside.
The parties appeared before Judge Nestor L. Currault on August 28, 1980. At this time, the district attorney attempted to present extradition papers to the judge, but the defendant objected to extradition on the ground that the thirty day period granted by Judge Kollin for presentation of necessary extradition papers had expired and that he should, therefore, be released. Judge Currault ruled that no true extradition hearing had been held and scheduled an extradition hearing for September 11, 1980. Defendant applied to this Court for a writ of certiorari to review this ruling. We granted defendant’s writ and stayed the September 11 extradition hearing set by Judge Currault.
On original hearing of this case the majority of the Court ordered that defendant be discharged from the extradition warrant because the State of Texas failed to comply with Judge Kollin’s order to furnish the necessary extradition papers within thirty days from June 12. For the following reasons, we find on rehearing that the basis of this decision was erroneous and that defendant’s additional arguments for his discharge from the extradition warrant have no merit. We reverse our order on original hearing discharging the defendant from the extradition warrant and remand to the trial court for an extradition hearing.
The error in our original decision and the confusion in the lower court proceedings *451 were caused by a failure to recognize the point at which extradition begins, the length of time a state may detain an arrested individual before and after extradition and when an arrestee’s right to request an extradition hearing comes into being.
Code of Criminal Procedure art. 262 authorizes the governor of this state, in his discretion, “to have arrested and delivered to the executive authority of any other state any person wanted in that state to be tried for a crime . . . who is found in this state.” The governor may not recognize a demand for extradition unless the demand is in writing, states the purpose for which the person is wanted and is accompanied by other “necessary papers”, including a copy of the indictment or information charging defendant with a crime, and any warrant based upon the indictment (assuming that the basis for extradition is that the person is wanted in the demanding state to be tried for a crime). The indictment, information or affidavit must be authenticated by the executive authority making the [extradition] demand. C.Cr.P. art. 263. This article indicates that it is the executive authority of the state desiring the presence of the person sought who makes the extradition demand.
The governor of the asylum state may investigate the demand and if he decides the demand should be complied with, he is authorized to sign a warrant of arrest for the person sought by the demanding state. C.Cr.P. art. 265. A person arrested upon a governor’s warrant may demand an extradition hearing and a date for the hearing must be set for “as early a date as practicable.” C.Cr.P. art. 267. If the demanding state does not furnish the proper and necessary papers at this hearing, the court may commit the accused for an additional thirty day period to allow the state to do so. C.Cr.P. art. 268.
Defendant apparently requested an “extradition hearing” on June 3, after his June 2 arrest, and on June 12, Judge Kollin acted on that motion, granting the State of Texas an “additional” thirty day period in which to furnish the necessary papers “in accordance with art. 268.” This request by defendant and order by Judge Kollin were unauthorized and ineffective.
An individual’s right to request an extradition hearing does not arise until the extradition process has begun, i. e. when the governor of the demanding state requests the extradition of the individual. A defendant cannot initiate his own extradition, but is entitled to request a hearing to determine whether there are grounds for his extradition after his transfer from the asylum state has been requested by the demanding state. C.Cr.P. art. 267. A hearing must be assigned for as early a date as practicable and the court may commit the accused for thirty additional days if the necessary papers are not presented by the demanding state at that time. C.Cr.P. arts. 267, 268.
In the instant case no opportunity had yet been given the demanding state by June 12, 1980 to present, at an extradition hearing, the necessary papers for defendant’s extradition; hence, no “additional” thirty day period in which to do so was granted the demanding state by Judge Kol-lin. Judge Kollin was attempting, in fact, to set a time limitation on the demanding state rather than granting it any extension. The judge was not authorized to so limit the demanding state to thirty days from June 12 in which to present necessary papers for extradition.
On June 12, the Governor of Texas had not yet requested defendant’s extradition from Louisiana. The demand for defendant’s arrest and delivery to an agent of the State of Texas was not signed until July 8, 1980 and was received thereafter by the State of Louisiana. Therefore, defendant’s extradition had not yet begun on June 12 and Judge Kollin was mistaken in his reliance on Art. 268 as authority for limiting the state to thirty days from June 12 in which to present necessary papers for his extradition. Again, Art. 268 authorizes at the time of the extradition hearing the commitment of an accused for an additional thirty days to enable the demanding state to furnish necessary papers. This thirty day extension takes place at the extradition hearing after a failure of proof at that *452 hearing which, of necessity, occurs after extradition has been demanded. In this case, as of June 12, extradition had not been initiated; consequently, there had been no extradition hearing and no provision for a thirty day extension for such proof could be applicable.
The confusion in this case arose because defendant was arrested prior to the beginning of extradition. Code of Criminal Procedure art. 269 authorizes such an arrest, prior to extradition, on the basis of a warrant issued upon the oath or affidavit of a credible person that the person to be arrested is charged with: “. .. Commission of a crime in another state . . . . ” Defendant William Ross was arrested on the authority of a warrant issued by Judge Kollin which met this criteria. Code of Criminal Procedure art. 270 authorizes a judge to commit the accused for thirty days after this arrest, if there is reasonable ground to hold him awaiting extradition. An accused may post bail, however, unless the offense is punishable by death or life imprisonment, and defendant Ross apparently did post bail and remained unincarcerated at the time he applied for a writ to this Court.
This case is distinguishable from State v. Commisso, 214 La. 1055, 39 So.2d 729 (La.1949). In that case, the defendant was granted an extradition hearing after the governor of the demanding state requested defendant’s return to that state. The district attorney did not produce the papers necessary for defendant’s extradition at the hearing and the court granted him an extension of time in which to do so. The district attorney failed to produce the necessary papers within the allotted time.
Our majority opinion on original hearing was based on the erroneous assumption that Judge Kollin was authorized on June 12, 1980 to limit the demanding state to 30 days from that date for the production of papers necessary for defendant’s extradition. Since the majority assumed that the judge’s order was authorized by the Code of Criminal Procedure and the demanding state did not present papers necessary to entitle it to the extradition of defendant within the thirty day period, we ordered that defendant be discharged from the extradition warrant. For the foregoing reasons, we now reverse our order discharging defendant on this basis.
In this Court’s original majority opinion the Court made an additional finding that there had been no probable cause to arrest defendant in Louisiana. The Court emphasized the fact that defendant was arrested on an affidavit of a Jefferson Parish Deputy Sheriff who had no personal knowledge of the facts which occurred in Texas and which formed the basis for this arrest. We now hold that there was probable cause for defendant’s arrest. The warrant for defendant’s arrest was based upon the affidavit of a Jefferson Parish Sheriff’s Deputy. This affidavit stated that defendant was wanted for the crime of theft by check, value of $9,594.28, in Texas, and that the Jefferson Parish Sheriff’s Office had on file a warrant from the State of Texas for the arrest of defendant. The Texas warrant issued on the basis of a Texas grand jury indictment of defendant for this offense. Under these circumstances, there was probable cause to arrest defendant pending extradition.
Defendant raises an additional argument for his discharge from the extradition warrant. Defendant contends that the demanding state must show that defendant was a fugitive from that state, i. e. was physically in that state and fled from the state. Defendant is accused of theft by a check mailed from Louisiana and he asserts that he was never in Texas and could not be considered a fugitive of Texas. The record does not reflect that defendant has proved his allegation that he was never in Texas and did not flee from Texas. In any event, the wording of C.Cr.P. art. 262 refutes defendant’s argument. Article 262 authorizes the governor, in his discretion, to “have arrested and delivered to the executive authority of any other state any person wanted in that state to be tried for a crime . . . ”. There is no requirement that the person sought to be extradited has fled from the demanding state, only that he is wanted in that state to be tried for a crime. The Official Revision Comments to this article *453 support this interpretation of the clear wording of the statute:
“. . . (b) The scope of extradition under this article is broader than under Art. 160 of the 1928 Code, which applied only to persons sought as fugitives from justice. This article applies to any person wanted for trial in the demanding state and found in this state ... It ... covers an offender who was not present in the demanding state when the crime was committed, as where a shot was fired across a state line or the offender performed his part of a crime from outside the state. In such situations the offender might not be considered a ‘fugitive from justice’ for he did not flee from the demanding state after the commission of the crime...”
At the August 28,1980 appearance of the state and defendant before Judge Currault, defendant expressed a desire to remain in this state absent a court order. Since defendant does not, apparently, waive extradition, we remand to the district court for a hearing to determine whether there is sufficient proof to entitle the State of Texas to extradite defendant from this state.
WATSON, J., dissents.
LEMMON, J., dissents and assigns reasons.
CALOGERO, J., dissents for reasons assigned by LEMMON, J.

 Judges Covington, Chiasson and Lear of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Marcus, Dennis , and Blanche.

. “This matter came before the Court this date, for hearing of a Motion for Extradition Hearing made by the Defendant before this Court on June 3, 1980.
“The Court, considering Defendant’s Motion and the provisions of Articles 267 and 268 of the Code of Criminal Procedure.
“IT IS ORDERED that the State of Texas be and it is hereby granted an additional thirty day period from the date hereof within which to furnish the proper and necessary papers to the Court in accordance with Article 268 of the Code of Criminal Procedure.
“Gretna, Louisiana this twelfth day June, 1980.
“/s/ Judge Walter E. Kollin.”

. “A judge may issue a warrant for the arrest of a person in this state, prior to a demand for extradition in conformity with Article 263, when on the oath or affidavit of a credible person, taken before a judge or clerk of court, the person to be arrested is charged with:
“(1) Being a fugitive from justice of another state;
“(2) Commission of a crime in another state; or
“(3) Having been convicted of a crime in another state, and having escaped from confinement or having broken the terms of his bail, probation, parole, furlough, or reprieve.
“In this article, ‘judge’ means any judge of a district, city, or parish court with criminal jurisdiction.”

. “The judge shall commit the accused for thirty days if it appears, after a hearing in open court, that there is reasonable ground to hold him awaiting extradition. The order of commitment shall recite the accusation; and the accused shall be imprisoned in the parish jail until the term of his commitment expires or he is otherwise legally discharged, unless he gives bail as provided in Article 271.”

. “The Defendant William P. Ross appeared before the bar of the Court this day represented by Bruce Reed, attorney.
“The court took up the extradition hearing.
“EVIDENCE: Papers on the Defendant from Texas.
“Reading of the affidavit was waived.
“At this time the State continued this matter to 9-11-80 at 10:00 Div.-F (Oral).”

. “A demand for the extradition of a person wanted in another state shall not be recognized by the governor unless the demand is in writing and states the purpose for which he is wanted. The demand must be accompanied by:
“(1) A statement of facts by the prosecuting officer having jurisdiction of the crime, and by a copy of an indictment found or of an information filed in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or
“(2) A copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, parole, furlough, or reprieve.
“The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of the indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand.”