(No. 39591.—

THE PEOPLE *ex rel.* Rodney Gummow, Appellant, *vs.* CHARLES E. LARSON, Sheriff, Appellee.

*Opinion filed September 23, 1966.*

JULIUS LUCIUS ECHELES, of Chicago, for appellant.

BRUNO W. STANCZAK, State's Attorney, of Waukegan, (JACK HOOGASIAN, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal from an order of the circuit court of Lake County denying relator's petition for a writ of *habeas corpus* and remanding him to the custody of the sheriff of that county for extradition to the State of Wisconsin.

Relator was originally arrested by the sheriff of Lake County on December 11, 1964, pursuant to a warrant apparently issued upon a complaint by Racine, Wisconsin, authorities as provided by section 30 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1963, chap. 60, par. 30). He was released on bail and the cause was continued until January 5, 1965. No further proceedings were had before the magistrate either on January 5 or at any other time thereafter. Relator remained at liberty until March 23, 1965, when, pursuant to an extradition warrant issued by the Governor of Illinois, he was arrested and taken into custody by the sheriff of Lake County. The instant *habeas corpus* petition was thereafter filed and denied.

It is maintained by relator that since the provisions of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1963, chap. 60, pars. 32, 33, 34) were not complied with after his original arrest, jurisdiction over his person was lost, thus entitling him to be discharged. Where a person is arrested on a fugitive warrant charging that he has fled another State wherein he has allegedly committed a criminal offense, and a judge or magistrate upon examination finds that the accused is the one so charged, he may be committed to the county jail for a time not exceeding thirty days to await an extradition warrant to be issued by the Governor, or he may be admitted to bail; in the latter case the judge or magistrate should specify a time certain for the accused's reappearance to be arrested pursuant to the Governor's warrant. (Ill. Rev. Stat. 1963, chap. 60, pars. 32, 33). Should the Governor's extradition warrant not be executed within the thirty days as specified in section 32, or within the time set for the ac-

cused's reappearance should he be admitted to bail (section 33), section 34 provides that he may be recommitted to the county jail or allowed further bail for a period not to exceed sixty days. Since more than ninety days elapsed between the date of relator's admission to bail and the date of his subsequent arrest pursuant to the Governor's warrant, relator argues that the spirit of the extradition law as manifested by the foregoing provisions requires his discharge from custody.

We believe relator misapprehends the statutory plan. The purpose of these sections of the extradition law is to prevent unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding State. (*Cf. Lott* v. *Heyd,* (5th cir.), 315 F.2d 350; *Bolton* v. *Timmerman,* 233 S.C. 429, 105 S.E.2d 518. There is, however, no indication of any legislative intent to restrict the period within which the Governor of Illinois may issue his rendition warrant to the period within which the court which issues the fugitive warrant may commit the accused or require him to give bond.

A quite similar situation was before the court in *Lombardo* v. *Tozer,* 264 S.W.2d 376 (Mo. St. Louis Ct. App.) where the court held the legality or illegality of the fugitive warrant proceedings was moot since that warrant became *functus officio* upon issuance and service of the rendition warrant. (See also *Lott* v. *Heyd,* (5th cir.) 315 F.2d 350.) We agree, and since no question is raised on this appeal as to the validity of relator's arrest pursuant to the Governor's warrant, the judgment of the Lake County circuit court is affirmed.

*Judgment affirmed.*