Commonwealth ex rel. Banks *v.* Hendrick, Appellant.

Argued April 26, 1968.   Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Michael J. Rotko,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellant.

*Ned Stein,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1968:

In 1967 Charles Banks was arrested in Philadelphia, Pennsylvania, on a fugitive warrant charging he had

unlawfully fled the Commonwealth of Virginia without permission while on parole in that state for the crime of robbery.[1] In response to an extradition warrant from the Governor of Virginia, the Governor of Pennsylvania issued Pennsylvania's warrant. A writ of habeas corpus contesting the extradition was filed pursuant to §10 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, 19 P.S. §191.10. After a hearing, the court below granted the writ and ordered Banks discharged. This appeal questions the legal correctness of that action. We reverse.

In three very recent decisions, *Ripepi Extradition Case,* 427 Pa. 507, 235 A. 2d 141 (1967), *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 228 A. 2d 742 (1967), and *Commonwealth ex rel. Raucci v. Price,* 409 Pa. 90, 185 A. 2d 523 (1962), we explained in detail the extent of the inquiry permitted in the courts of an asylum state in proceedings contesting extradition. As we noted therein, extradition should be ordered if: (1) the extradition papers are in order; *and* (2) the subject of the extradition is charged with a crime in the demanding state; *and* (3) the subject is a fugitive from the demanding state; *and* (4) the subject of the extradition was in the demanding state at the time the crime was committed.

In the instant case, each and every requirement outlined above is present and unchallenged. It is conceded that the extradition papers are in proper order; that Banks was in Virginia when the crime was committed; that he was convicted of the crime charged and fled from Virginia without permission while still

---

[1] On July 7, 1955, after being convicted of robbery, Banks was sentenced to eight years imprisonment. On September 28, 1955, he received an additional one year's sentence as a recidivist or second offender. He was paroled on October 7, 1959, and he fled the jurisdiction without permission on June 6, 1960.

on parole.[2]   While the court below did not elucidate its reasons for failing to honor the extradition warrant, it would appear from the record that its action was solely influenced by testimony leading to the conclusion that since June 1960, Banks has lived and worked in Philadelphia, enjoying an excellent reputation.[3] This in itself was insufficient to deny extradition.

The courts of the asylum state may not inquire into the merits of the charge involved or refuse extradition merely because the subject has turned over "a new leaf" since fleeing the jurisdiction of the demanding state.   Cf. *Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 69 A. 916 (1908) ; *Reed v. Colpoys*, 99 F. 2d 396 (D.C. Cir. 1938) ; *Commonwealth ex rel. Bucksbarg v. Good*, 162 Pa. Superior Ct. 557, 58 A. 2d 842 (1948).   Nor is the mere lapse of time sufficient reason to deny the extradition of a fugitive from another jurisdiction.  See *Biddinger v. Commissioner of Police*, 245 U.S. 128, 38 S. Ct. 41 (1917).

Extradition is not dependent on comity or compact between the states.   It is mandated by Article IV, Section 2, Clause 2 of the United States Constitution. See *Innes v. Tobin*, 240 U.S. 127, 36 S. Ct. 290 (1916), and *Biddinger v. Commissioner of Police*, supra.   And the state courts are required to follow the decisions of the United States Supreme Court relative to such matters.   The Uniform Criminal Extradition Act was drafted to implement this constitutional provi-

---

[2] A convicted person whose parole has been revoked because of the violation of a condition that he not leave the state without permission of the parole officer is subject to extradition as a fugitive from justice.   See *Drinkall v. Spiegel*, 68 Conn. 441, 36 A. 830 (1896), and *People ex rel. Mark v. Toman*, 362 Ill. 232, 199 N.E. 124 (1935).

[3] Banks admitted, however, that during this period he had been arrested "three or four" times in gambling raids by the police.

sion and the federal statute relating thereto, 18 U.S.C. §3182 (1951), and to provide for more uniform procedures in this area of the law. See Uniform Criminal Extradition Act,[4] Commissioners' Prefatory Note, 9 U.L.A. 259 (1957).

Order reversed and record remanded with directions to enter an order consonant with this opinion.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

[4] Adopted in Pennsylvania by the Act of July 8, 1941, supra.