Commonwealth ex rel. Flood, Appellant, *v.* Pizzo.

Submitted January 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James T. McHale,* and *Levy, Preate & Purcell,* for appellant.

⸱ *Robert W. Munley,* Assistant District Attorney, and *Joseph J. Cimino,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellant has taken this appeal from the order of the Court of Common Pleas of Lackawanna County denying his petition for habeas corpus and allowing his extradition to California. Appellant was initially arrested in Scranton, Pennsylvania on January 16, 1968, pursuant to a Los Angeles, California warrant which charged him with grand theft. Bail was set at $16,500, in default of which appellant was remanded to the Lackawanna County Prison. Appellant declined to waive extradition and petitioned instead for a reduction of bail. The petition was denied on January 17, 1968 and on January 23, 1968 appellant filed a petition for a writ of habeas corpus, challenging the validity of his arrest. The petition was denied after a hearing and appellant was remanded to jail pending extradition.

At appellant's request, an executive hearing was held on February 20, 1968 and on February 27, 1968 the Governor of Pennsylvania issued warrants of arrest. See Uniform Criminal Extradition Act §7, Act of July 8, 1941, P. L. 288, §7, 19 P.S. §191.7. On March 8, 1968 another petition for a writ of habeas corpus was filed, bail was reduced, and appellant was released on nominal bail. A hearing was held on March 15, 1968 at which time California authorities withdrew the original warrants for arrest, appellant's petition was granted, and appellant was discharged. Appellant was immediately rearrested on a new California warrant. The habeas corpus proceeding now before us followed.

The Commonwealth claims it was necessary for California to withdraw the original arrest warrants and

make a second arrest because of the refusal of the complainant on the original warrant to come to Pennsylvania to identify appellant. As a result, appellant was rearrested on a new warrant whose complainant was willing to come to Pennsylvania to make the necessary identification. Appellant contends that this course of conduct, and his incarceration for fifty-two days under the original warrant, deprived him of fundamental fairness guaranteed by the fourteenth amendment and of his right to a speedy trial guaranteed by the sixth amendment.

Whatever may be the merits of appellant's contentions, they are not cognizable in an extradition proceeding. We recently reaffirmed the proposition that our inquiry in cases of this type was a narrow one and that "extradition should be ordered if: (1) the extradition papers are in order; *and* (2) the subject of the extradition is charged with a crime in the demanding state; *and* (3) the subject is a fugitive from the demanding state; *and* (4) the subject of the extradition was in the demanding state at the time the crime was committed." *Commonwealth ex rel. Banks v. Hendrick*, 430 Pa. 575, 577, 243 A. 2d 438, 439 (1968); see, e.g., *Ripepi Extradition Case*, 427 Pa. 507, 235 A. 2d 141 (1967); *Commonwealth ex rel. Raucci v. Price*, 409 Pa. 90, 185 A. 2d 523 (1962); *Commonwealth ex rel. Pacewicz v. Turley*, 399 Pa. 458, 160 A. 2d 685 (1960). Appellant does not maintain that the Commonwealth has failed to establish any of the four requisites for extradition set out in *Banks* and the preceding cases. As a result, the extradition order is proper. Appellant can raise his constitutional claims if and when he is tried on the merits in California.

The order of the Court of Common Pleas of Lackawanna County is affirmed.