Commonwealth ex rel. Douglass, Appellant, *v.* Aytch.

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Steven G. Farber,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Peter J. Smith,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

This appeal involves the question of whether a dismissal "with prejudice" of Governor's Warrants in an extradition proceeding bars a subsequent rearrest and hearing on the same fugitive charges.

On February 4, 1972, a warrant was lodged against the appellant, charging him with being a fugitive from justice from New Jersey. On March 3, March 29 and April 19, scheduled hearings were continued at the request of the Commonwealth due to the absence of Governor's Warrants. On April 26 and May 1, 1972, the extradition hearing was again continued because appellant failed to appear. A habeas corpus petition was filed on behalf of the appellant alleging various grounds for his discharge and the dismissal of proceedings. Finally, on May 23, 1972, the extradition hearing was listed before the Honorable Norman JENKINS, sitting in the Miscellaneous Court of the Common Pleas of Philadelphia. As of that date, 109 days had lapsed since the fugitive charge was lodged against the appellant. When the case was called before Judge JENKINS, the assistant district attorney stated that since the statutory ninety-day period had passed, appellant could no longer be held on the fugitive charge. The Court agreed and discharged the appellant. The order of discharge, however, read as follows: "Defendant discharged *with prejudice*. 90-day period has expired. Defendant has been in custody from 4-4-72 until today (May 25, 1972). Commonwealth v. William Douglas, MC. 72-01-3890." There was no appeal from that order by the Commonwealth. Instead, the Commonwealth notified New Jersey authorities that appellant was serving a sentence in Pennsylvania on local charges and that detainers should be filed if extradition was desired.

On July 31, 1972, appellant was paroled but was not released, for local authorities intended to surrender him immediately to the State of New Jersey on its new detainer. A hearing before the Honorable Levy ANDERSON was held on a Petition for Writ of Habeas Corpus on August 7, 1972. Judge ANDERSON ruled that under the facts of appellant's case, the Interstate Agreement on Detainers (19 P.S. §1431 et seq.) was inapplicable

since appellant was no longer serving a term of imprisonment in a penal institution. Thereupon, Judge ANDERSON granted the Writ and ordered "Defendant released from custody, forthwith."

Immediately after the hearing, appellant was arrested on Governor's Warrants, in accordance with the Uniform Criminal Extradition Act (19 P.S. §191.7-.9). Appellant was taken into custody and received a preliminary arraignment on August 8, 1972. A Petition for habeas corpus was filed, alleging that the prior Order by JENKINS, J., discharging the defendant *with prejudice*, acted to prevent a subsequent rearrest and extradition proceeding on the same charges; he alleged that such a rearrest violated the double jeopardy provisions of the Constitution and was barred by the principle of res judicata. A full hearing *on the merits* was held on August 23, 1972, before Judge ANDERSON. After hearing the evidence, Judge ANDERSON, refused appellant's habeas corpus petition and ordered appellant extradited to New Jersey. A petition for supersedeas was taken to this Court from that Order, and a stay was granted pending appeal.

Appellant does not question the sufficiency of the evidence presented by the Commonwealth to extradite.[1] Appellant only raises the question of whether Judge ANDERSON acted improperly in denying appellant's petition, where a petition on the same charges had been previous-

---

[1] Commonwealth need only show that the evidence supports a concomitance of the following four requirements: (1) the extradition papers are in order; and (2) the subject of the extradition is charged with a crime in the demanding state; and (3) the subject is a fugitive from the demanding state; and (4) the subject of the extradition was in the demanding state at the time the crime was committed: *Commonwealth ex rel. Banks v. Hendrick*, 430 Pa. 575, 577, 243 A. 2d 438 (1968). Appellant offered no evidence to challenge Commonwealth's evidence, nor does he appeal the determination of the lower court that Commonwealth had met the requirements.

ly discharged *with prejudice*. After examining the record and reviewing the law on this subject, we believe the order of the lower court should be affirmed.

"A judgment in a habeas corpus proceeding can be regarded as conclusive on the merits only where the case presented calls for a final determination of the ultimate facts and the law, but not where the proceeding is preliminary and ancillary to a trial on the merits. Thus, the fact that a prisoner held for extradition has been discharged through habeas corpus proceedings is not a bar to a second application or requisition for extradition, at least where the discharge was for an irregularity in the extradition proceeding which can be corrected on a second requisition." 39 Am. Jur. 2d §161 at p. 294.

Our Supreme Court has held that neither res judicata nor double jeopardy principles prevent the rearrest of a person, who has been discharged on a petition for habeas corpus in an extradition case. *Commonwealth ex rel. Flood v. Pizzo*, 434 Pa. 208, 252 A. 2d 656 (1969) ; *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 228 A. 2d 742 (1967). See also, *Annot.*, 33 A.L.R. 3d 1443.

Appellant admits that the Commonwealth may arrest a discharged petitioner on a new detainer under most circumstances; nevertheless, appellant argues that the Commonwealth should not be permitted to rearrest him for the discharge *with prejudice* is res judicata. We are not persuaded by that argument. When a petitioner is discharged for failure of the Commonwealth to meet its burden of proof, the Commonwealth is barred from lodging a new detainer on the same evidence, and may only do so on new information. Furthermore, where a detainer is dismissed because of procedural errors or where the detainer is defective on its face, and no case is presented, prosecution may not continue on *that* detainer.

In the instant case, where Commonwealth produced no evidence in the first extradition proceeding and, in fact, moved for the dismissal of the case for failure to prosecute the matter in a timely fashion, the use of the words "with prejudice" could only bar the Commonwealth from proceeding on the *same* detainer. We believe that the lower court properly concluded that the use of the words, "with prejudice", was superfluous. Having determined that the Commonwealth had sufficiently met its burden of proving its case, the lower court properly denied appellant's petition and ordered him extradited.

Order of the court below is affirmed.

---

CONCURRING OPINION BY SPAETH, J.:

I agree that the order of the court below should be affirmed, but I reach that conclusion by somewhat different reasoning than does the majority.

The Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, §§1-32, 19 P.S. §§191.1-191.31, sets forth the procedure whereby a person may be extradited. If after investigation the Governor of the sheltering State decides that the demand for extradition should be complied with, he must issue a Governor's warrant directing that the accused be arrested and delivered to the authorized agent of the demanding State. Sections 7 and 8, 19 P.S. §§191.7 and 191.8. The accused has a right to a hearing before being so delivered. Section 10, 19 P.S. §191.10. The accused may also be arrested without a Governor's warrant by any peace officer or private person "upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year". Section 14, 19 P.S. §191.14. In the event of such an arrest the accused must be taken before a judge "with all practicable speed". *Id.* "If from the examination before the judge . . . it appears

that the [accused] is the person charged . . . and . . . that he has fled from justice", the judge may commit him to jail "for such a time, not exceeding thirty days, . . . as will enable the arrest of the accused to be made under a warrant of the Governor." Section 15, 19 P.S. §191.15. This commitment may be extended "for a further period, not to exceed sixty days." Section 17, 19 P.S. §191.17. There is no provision for a further extension. Thus if the Governor's warrant has not been obtained within ninety days, the accused must be discharged.

In the present case the initial arrest of the accused, on February 4, 1972, was not pursuant to a Governor's warrant but under Section 14 of the Act, 19 P.S. §191.14. When the first petition for habeas corpus was heard, the Governor's warrant had not been obtained. Since 109 days had elapsed, the hearing judge properly ordered the accused discharged. I do not agree that the hearing judge's statement that the order was "with prejudice" was superfluous. In my view the statement recognized the fact that the accused could not again be arrested under Section 14, 19 P.S. §191.14. There was accordingly no authority for the New Jersey authorities to lodge a detainer against the accused after he had been discharged, and the Pennsylvania authorities should not have recognized the detainer. The purpose of the speedy hearing and the ninety day period prescribed by Sections 14 and 17 of the Act, 19 P.S. §§191.14 and 191.17, is to prevent prolonged confinement. To give any effect to a detainer lodged after the ninety day period would render these sections meaningless.

It does not follow, however, that the "with prejudice" order made the accused forever immune from extradition, which is the conclusion that counsel for the accused seems to urge upon us. The arrest challenged on this appeal was pursuant to a Governor's warrant

202

issued under Section 7 of the Act, §19 P.S. §191.7. Thus the arrest was not barred by the "with prejudice" order barring further arrests under Section 14 of the Act, §19 P.S. §191.14. Since there is no question that the Governor's warrant was in order, and that the accused is the person charged and is a fugitive, the court below properly ordered extradition.

JACOBS and SPAULDING, JJ., join in this concurring opinion.