# Commonwealth ex rel. Knowles, Appellant, *v.* Lester.

424

Argued April 24, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

*Andrea Levin*, Assistant Defender, with him *Leonard Sosnov*, Assistant Defender, *John W. Packel*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*James Garrett*, Assistant District Attorney, with him *David Richman*, Assistant District Attorney, *Abraham J. Gafni*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1974:

On December 8, 1971, Thomas Knowles was charged with receiving stolen property and bringing stolen property into the Commonwealth. The article in question was described as "one U S coin, five cent piece,

Indian Head, dated 1936." It had allegedly been stolen in Florida. Unable to make $5,000 bail, Knowles was committed to jail. At the same time a warrant was issued charging him with being a fugitive from Florida;[1] the warrant was lodged against appellant as a detainer.

This warrant was not executed until April 28, 1972, when appellant was arraigned and charged with being a fugitive. Bail was again set at $5,000. On May 12, 1972, a preliminary hearing on the fugitive charge was held. Six days earlier both local stolen property charges were withdrawn.

At this point, Knowles filed a petition for a writ of habeas corpus which was granted by the court of common pleas. The Superior Court reversed. *Commonwealth ex rel. Knowles v. Lester,* 223 Pa. Superior Ct. 519, 302 A.2d 412 (1973).[2] We granted the petition for allowance of appeal.[3] We reverse the order of the Superior Court and reinstate the order of the court of common pleas.

Section 15 of the Uniform Criminal Extradition Act,[4] 19 P.S. § 191.15 (1964), permits commitment of an alleged fugitive for up to thirty days[5] to allow the governor of the state demanding his presence to forward a requisition to the asylum state. Habeas corpus

---

[1] Because the original warrant could not be located, it was reissued on January 6, 1972. The habeas corpus court found as a fact that the warrant was originally issued on December 8, 1971, and we are bound to accept this determination. *Commonwealth ex rel. Pacewicz v. Turley,* 399 Pa. 458, 460, 160 A.2d 685, 686 (1960).

[2] Judge WATKINS noted dissent.

[3] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1974).

[4] In 1941 this Commonwealth adopted with minor modifications the Uniform Criminal Extradition Act. Act of July 8, 1941, P.L. 288, §§ 1-31, 19 P.S. §§ 191.1-.31 (1964). See 9 U.L.A. 263-356 (1957).

[5] A judge or magistrate may recommit the accused for up to sixty additional days if the warrant of the governor does not arrive during the initial period of commitment. 19 P.S. § 191.17 (1964).

is the remedy for persons illegally confined awaiting extradition. 19 P.S. § 191.10 (1964).

Here, the warrant for appellant's arrest as a fugitive was issued on December 8, 1971. Appellant was not arraigned on the fugitive warrant until April 28, 1972. The court of common pleas found that appellant's detention for 141 days prior to the preliminary hearing on the fugitive warrant violated the Uniform Criminal Extradition Act's proscription against confinement for more than thirty days.[6] Arrest, the court concluded, occurred on December 8.

The Superior Court held that the lodging of the fugitive warrant did not constitute an arrest because appellant was already in custody on local charges. Arrest on the fugitive warrant, the court held, did not take place until April 8, when this warrant was executed and appellant arraigned on the fugitive charge. Accordingly, the Superior Court held that the Act's proscription against confinement for more than thirty days had not been violated. 223 Pa. Superior Ct. at 522, 302 A.2d at 413. See *Commonwealth ex rel. Johnson v. Johnson,* 221 Pa. Superior Ct. 304, 292 A.2d 456 (1972) (per curiam).

We cannot agree because in our view the lodging of a detainer against one in custody on another charge is an arrest.

Arrest has been properly defined as "a deprivation or restraint of a person's liberty, whether or not it culminates in criminal charges being filed and results in a conviction or an acquittal . . . ." *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 549, 304 A.2d 704, 707 (1973) (traffic arrest); see *Commonwealth v. Bosurgi,* 411 Pa. 56, 68, 190 A.2d 304, 311, cert. denied,

---

[6] See 19 P.S. §§ 191.15-.17 (1964). See note 5 supra. The court did not reach appellant's contention that he had not been arraigned on the fugitive warrant. See 19 P.S. § 191.10 (1964).

375 U.S. 910, 84 S. Ct. 204 (1963). There can be no doubt that a detainer lodged against an in-custody accused constitutes an additional restraint upon his liberty. The Commonwealth concedes as much.

A fugitive detainer is lodged against one already in custody on local charges for the very purpose of ensuring that he will not be released.[7] At argument on the petition for habeas corpus, the Commonwealth admitted that if appellant had posted bail on the local charges the fugitive detainer would have prevented his release. In order to obtain his freedom after posting bail on the local charges, appellant would have had to appear before a judge or magistrate, have bail set on the fugitive detainer, and then post a second bond. See 19 P.S. §§ 191.15-.16 (1964). Because the detainer imposed a restraint in addition to that exerted by arrest on the local charges, the lodging of the fugitive detainer must be considered an arrest.

In considering an analogous question—the effect of a detainer on the constitutional right to speedy trial—this Court has reached a similar conclusion. In *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972), we affirmed dismissal of an indictment which was not returned until six years after the Commonwealth lodged a detainer against the accused. Although Hamilton had been in a South Carolina jail on local charges, we concluded that lodging the detainer constituted "institution of criminal proceedings." Id. at 300, 297 A.2d at 128. That we deemed the lodging of a fugitive detainer the functional equivalent of arrest is clear.

---

[7] "A detainer is a warrant filed against a person already in custody to insure that he will be available to the requesting authority." Tuttle, Catch 2254: Federal Jurisdiction and Interstate Detainers, 32 U. Pitt. L. Rev. 489, 491 (1971). See id. at 491-93; *Lawrence v. Blackwell,* 298 F. Supp. 708, 711 n.1 (N.D. Ga. 1969); *State v. Arrington,* 147 W. Va. 753, 762, 131 S.E.2d 382, 388 (1963); Black's Law Dictionary 535 (4th ed. 1951).

The United States Supreme Court had only one year prior to *Hamilton* held that "the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion,* 404 U.S. 307, 320, 92 S. Ct. 455, 463 (1971).[8]

The clear intent of section 15 of the Uniform Criminal Extradition Act is that an alleged fugitive may not be committed for more than thirty days[9] while awaiting the warrant of the governor of the demanding state. 19 P.S. § 191.15 (1964); *Commonwealth v. McCaine,* 218 Pa. Superior Ct. 274, 275 A.2d 867 (1971).

Here, appellant was not arraigned on the detainer until April 24, 1972, more than 140 days after his arrest.[10] This failure to comply with the provisions of the Uniform Criminal Extradition Act, 19 P.S. §§ 191.10, .15, .17 (1964), energizes the statutorily-provided remedy of habeas corpus. Id. § 191.10.[11]

---

[8] See *Commonwealth v. Hamilton,* 449 Pa. 297, 304, 297 A.2d 127, 131 (1972); ABA Project on Standards for Criminal Justice, Standards Relating to Speedy Trial § 2.2(a) (Approved Draft, 1968).

The United States Supreme Court has held that a prisoner against whom a fugitive detainer is lodged is in custody for purposes of federal habeas corpus jurisdiction. "Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3)." *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489 n.4, 93 S. Ct. 1123, 1126 n.4 (1973).

[9] See 19 P.S. § 191.17 (1964). See also notes 5 & 6 supra.

[10] Our disposition makes it unnecessary to determine whether the habeas corpus court correctly found that the arrest on the local charges was made in bad faith.

[11] To the extent that *Commonwealth ex rel. Johnson v. Johnson,* 221 Pa. Superior Ct. 304, 292 A.2d 456 (1972) (per curiam), upon which the Superior Court based its decision, is inconsistent with our holding, it should no longer be followed.

The order of the Superior Court is reversed. The order of the court of common pleas granting the writ of habeas corpus and discharging appellant is reinstated.[12]

Mr. Justice POMEROY concurs in the result.

Mr. Justice MANDERINO took no part in the consideration or decision of this case.

_____

[12] Appellant urges us to hold that when discharged because of violations of the Uniform Criminal Extradition Act, an alleged fugitive may not later be rearrested and extradited for the crime charged in the fugitive warrant. This question is, however, not presently before this Court. There is no evidence either that appellant will be rearrested or that if rearrested he will resist extradition. Cf. *Commonwealth ex rel. Flood v. Pizzo*, 434 Pa. 208, 252 A.2d 656 (1969); *Commonwealth ex rel. Douglass v. Aytch*, 225 Pa. Superior Ct. 195, 310 A.2d 313 (1973).