THE PEOPLE *ex rel.* JOE VASQUEZ, Relator-Appellant, *v.* GERALD R. PRATT, Sheriff, Winnebago County, Respondent-Appellee.

(No. 74-336;

Second District—January 13, 1975.

Ralph Ruebner, of State Appellate Defender's Officer, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Christine Drucker, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from a judgment quashing a petition for a writ of habeas corpus. On this appeal, relator contends that he should be released from custody since he was held for 3 days beyond the 30-day commitment period authorized by section 15 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1973, ch. 60, par. 32) while awaiting requisition without recommitment for an additional 60 days pursuant to section 17 of the Act being ordered until the 33rd day of his confinement. On the 33rd day of his confinement, recommitment for an additional 60 days was ordered and it appears that the requisition warrant was filed on the same date.

The relator herein, Joe Vasquez, was arrested and incarcerated in the Winnebago County jail on June 12, 1974. On June 17, 1974, a warrant was issued charging the relator with being a fugitive from justice. On June 18, 1974, Vasquez was brought before an associate judge on the fugitive warrant and complaint. The court ordered Vasquez held for 7 days pending the filing of the requisition warrant from the Governor of Michigan. On June 25, 1974, Vasquez again appeared in court and the trial judge ordered him to reappear 30 days from the date he was incarcerated, which was June 12, 1974. On July 12, 1974, a hearing was held to determine whether Vasquez should be held an additional 60 days or should be discharged. On that date the hearing was continued for decision to July 15, 1974. On July 15, 1974, the court ordered that Vasquez be held for another 60 days. While the record before us is not clear, it appears that on the same date, July 15, 1974, the Governor's warrant of the State of Michigan, dated July 1, 1974, was filed. The relator asked leave to file a petition for a writ of habeas corpus and the trial judge allowed him until September 12, 1974, to file his application for the writ. In the meantime, on August 13, 1974, the Governor's rendition warrant of the State of Illinois, dated August 2, 1974, was filed. The petition for habeas corpus was filed on September 3, 1974, and the matter was continued to September 20, 1974. On that date a witness from the State of Michigan testified that he had seen Vasquez within the State of Michigan on the date of the alleged murder. The petition for writ of habeas corpus was denied and Vasquez was ordered delivered to the Michigan authorities. The execution was stayed pending appeal to this court.

The application for the writ of habeas corpus was based on the fact that the defendant was held more than 30 days, to-wit: 33 days, as computed from the date of his arrest, June 12, 1974, to the date recommitment for an additional 60 days was ordered and the Michigan Governor's warrant was filed. In *People ex rel. Mack v. Meyering* (1934), 355 Ill.

456, 463, 189 N.E. 494, 497, the appellant contested the validity of his detention pursuant to a warrant issued out of the municipal court of Chicago charging appellant with an offense different from that for which his extradition to New Jersey was sought. When the rendition warrant was served, the preliminary proceeding pursuant to the warrant issued out of the municipal court of Chicago was dismissed. In affirming the dismissal of his petition for habeas corpus, the court stated that after the rendition warrant was served:

> "* * * appellant was held by authority of the rendition warrant. If he thought the warrant from the municipal court caused him to be held illegally, he could have asked for a writ of habeas corpus at that time. It was too late to question the validity of the preliminary arrest after he had been arrested by the authority of the Governor's warrant."

The same principle would apply in the case before us, and that is, the determination of the validity of the relator's preliminary detention should have been determined by a petition for a writ of habeas corpus filed prior to the service of the rendition warrant by the Governor of Illinois. See *People ex rel. Emerson v. Pratt*, 23 Ill.App.3d 340, 319 N.E.2d 108.

■■ The most closely analogous case to the situation before us is found in *People ex rel. Gummow v. Larson* (1966), 35 Ill.2d 280, 220 N.E.2d 165. In *Gummow* the relator was originally arrested by the Lake County sheriff on December 11, 1964, pursuant to a warrant issued upon a complaint of the Racine, Wisconsin, authorities as provided by section 13 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1963, ch. 60, par. 30). He was released on bail, and the cause was continued to January 5, 1965. The relator remained at liberty until March 23, 1965, when, pursuant to an extradition warrant issued by the governor of Illinois, he was arrested and taken into custody by the sheriff of Lake County. He then filed the habeas corpus petition considered by the court. The relator contended that the provisions of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1963, ch. 60, pars. 32, 33, 34) were not complied with, contending that he could be admitted to bail or he could be committed to the county jail for not more than 30 days awaiting the extradition warrant to be issued by the Governor. He further contended that if the Governor's extradition warrant were not executed within 30 days, as specified in section 15, *supra*, that he might be recommitted for a period not to exceed 60 days. The relator went on to allege that, inasmuch as more than 90 days had elapsed between the date of the relator's admission to bail and the date of his subsequent arrest pursuant to the Governor's warrant of extradition, the spirit of the extradition law required his discharge. In rejecting the relator's contention, the court stated the fol-

lowing with reference to the purpose and effect of the time limitations contained in sections 15 and 17 of the Act.

The purpose of these sections of the extradition law is to prevent unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding State. ( *Cf. Lott v. Heyd,* (5th cir.), 315 F.2d 350; *Bolton v. Timmerman,* 233 S.C. 429, 105 S.E.2d 518.) There is, however, no indication of any legislative intent to restrict the period within which the Governor of Illinois may issue his rendition warrant to the period within which the court which issues the fugitive warrant may commit the accused or require him to give bond." ( *People ex rel. Gummow v. Larson* (1966), 35 Ill.2d 280, 282, 220 N.E.2d 165, 167.)

Citing *Lott v. Heyd* (5th Cir. 1963), 315 F.2d 350, and *Lombardo v. Tozer* (Mo. App. 1954), 264 S.W.2d 376, the court went on to hold that the legality or illegality of the fugitive warrant proceedings was moot since that warrant became *functus officio* upon issuance and service of the rendition warrant. Similarly, in the instant case, we find that the relator's petition for habeas corpus was filed too late since it was filed after the rendition warrant was issued and served by the Governor of Illinois, at which time the legality or illegality of the prior proceedings became moot.

■■■ Relator makes the additional argument that his release from custody in this case is analogous to the remedy provided by the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 103-5(d)) for individuals who are deprived of their right to a speedy trial. This argument is without merit since it ignores the critical difference in the nature of the proceedings contemplated by section 103-5(d) of our Code of Criminal Procedure and the Extradition Act. Section 103-5(d) contemplates a trial to determine the guilt or innocence of a person charged with a crime in which evidentiary rules and constitutional principles of due process are rigidly adhered to in order to assure the defendant a fair hearing. The Extradition Act, on the other hand, contemplates summary, ministerial proceedings in which the primary object is to provide for the expeditious return of the person charged with being a fugitive from justice to the demanding state and in which the guilt or innocence of the person charged with the crime in another jurisdiction cannot be contested. (See *People ex rel. Millet v. Babb* (1953), 1 Ill.2d 191, 115 N.E.2d 241.) In addition, *Gummow, supra,* is authority for the proposition that the time period during which the accused may be committed or required to give bond does not run against the governor of the asylum state so that his failure to issue and serve the rendition warrant within

the time will prevent extradition. This is to be contrasted with a criminal prosecution in which the failure to bring an accused to trial by a court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant forever bars the State from prosecuting that person for the offense.

■■ We therefore find that in order for petitioner to have been released on a petition for writ of habeas corpus on the ground that he was held for 3 days without a proper court order while awaiting the issuance and service of the requisition warrant, he should have filed the same and demanded release prior to the service of the rendition warrant of the State of Illinois. Once the rendition warrant has been filed, issues relating to any delay in consummating the extradition proceedings become moot, and absent any question as to the validity of the rendition warrant, relator may be delivered to the demanding State. While there is some authority for the proposition that a petition for habeas corpus contesting the validity of extradition procedures on the basis of a delay in consummation comes too late if filed after the effective date of the requisition warrant, we need not decide this issue inasmuch as relator filed his petition after the effective date of the rendition warrant. Additionally, it is to be noted that even if relator were discharged for having been held over the 30 days, he could be rearrested upon the proper Governor's warrants having been issued by the State of Michigan and the State of Illinois. (See *May v. Sexton* (1966), 35 Ill.2d 585, 221 N.E.2d 283.) The judgment of the trial court in quashing the petition for a writ of habeas corpus is hereby affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.