Commonwealth ex rel. Stile, Appellant, *v.* State of Florida, et al.

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Peter Kemeny,* for relator, appellant.

*Marion E. MacIntyre*, Second Assistant District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for appellee.

OPINION BY CERCONE, J., June 24, 1975:

This is an appeal from an order of the Court of Common Pleas of Dauphin County denying appellant's petition for a writ of habeas corpus and ordering his extradition to the State of Florida. For the reasons that follow we affirm the order of the court below.

On June 7, 1974, appellant, Wilbur A. Stile, was arrested in Harrisburg, Pennsylvania, as a fugitive from justice from the State of Florida.[1] On the same date appellant was taken before a district justice who, after first determining that appellant was the person charged with having committed the crimes in Florida and that he had fled therefrom, released the appellant on his own recognizance pending the arrival of the requisition documents from the State of Florida. No returnable date, however, was specified in appellant's bond. On July 3, 1974, the district attorney's office wrote the district justice and requested a sixty day extension of the extradition proceedings because the requisition documents had not yet arrived from Florida. Appellant was notified of this requested extension, but no hearing was held thereon. On July 16, 1974, the Governor of Pennsylvania, now in receipt of the Florida requisition documents, issued a warrant for appellant's arrest. On July 22, 1974, appellant, who was then still at liberty on his own recognizance, was arrested on the governor's warrant and brought before a judge of the Court of Common Pleas

---

1. An information had been filed in Broward County, Florida, charging appellant and Para-Metric Systems, Inc., a Florida corporation, with the crimes of: sale of unregistered securities, and sale of securities without registering as a salesman. A capias was then issued for appellant's arrest and forwarded to Dauphin County, Pennsylvania, where a criminal complaint was issued on June 5, 1974.

of Dauphin County, and released on $1,000.00 bail. Appellant then filed his petition for a writ of habeas corpus on July 29, 1974, and a hearing was held relative to the petition on August 5, 1974. At the conclusion of this hearing, the lower court ordered appellant's return to the State of Florida. From this order the instant appeal followed.

Appellant first contends that the Commonwealth failed to comply with the provisions of the Uniform Criminal Extradition Act.[2] Specifically, appellant argues that the Commonwealth acted in contravention of §191.17[3] of the Uniform Criminal Extradition Act when no hearing was held before the district justice upon the district attorney's request for a sixty day extension.

In the case of *Dressel v. Bianco,* 168 Colo. 517, 452 P.2d 756 (1969), the Supreme Court of Colorado was presented with a similar argument arising out of a virtually identical factual situation. In *Dressel,* supra, the Colorado Court held that where the defendant was arrested as a fugitive on December 21, 1966, and released on a bond returnable on January 17, 1967; and where on January 16, 1967, the trial court entered an *ex parte* order continuing the hearing and bond until February 15, 1967, because the requisition papers had not yet arrived from the demanding state, the trial court had substantially complied with the statute.[4] The Supreme

---

2. Act of July 8, 1941, P.L. 288, 19 P.S. §§ 191.1 et seq.

3. 19 P.S. § 191.17. "Extension of time of commitment; adjournment.—If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period, not to exceed sixty days, or a judge or magistrate may again take bail for his appearance and surrender, as provided in Section 16, but within a period not to exceed sixty days after the date of such new bond." (Footnote omitted).

4. The Colorado statute, C.R.S. 1963, 60-1-17, is identical to 19 P.S. § 191.17, supra.

Court of Colorado reasoned that since the defendant was already on bond, "it would be a useless thing to recommit the defendant, then require a new bond, and then release him under the new bond for the extended or continued period of time." *Dressel v. Bianco,* supra at 523. In the instant case, appellant was at liberty on his own recognizance when the district attorney requested the extension and, in contrast to the appellant in the Colorado case, he was notified that the district attorney's office was requesting an extension. Furthermore, appellant has failed to indicate how he was prejudiced as a result of a hearing not being conducted. We have recently stated that: "The procedural safeguards required in most criminal proceedings are irrelevant to extradition proceedings." *Commonwealth ex rel. Colcough v. Aytch,* 227 Pa. Superior Ct. 527, 531 (1974). Also see *Commonwealth v. Kulp,* 225 Pa. Superior Ct. 345 (1973). Accordingly, we conclude that under the circumstances of the instant case, Section 191.17 of the Uniform Criminal Extradition Act was substantially complied with.[5]

Lastly, appellant contends that the Commonwealth did not sufficiently establish his identity as the individual charged with the crimes in the State of Florida. In this connection, appellant submits that the only person who

---

5. Parenthetically, we note the significance of the fact that appellant's petition for a writ of habeas corpus (in which he first challenged the validity of the procedure employed by the Commonwealth) was not filed until thirteen days after the governor's warrant was issued and seven days after he was arrested on that warrant. Although neither party has addressed itself to this issue, we note that courts in several other jurisdictions have held "that the question of the legality or illegality of prior extradition proceedings becomes moot upon the issuance and service of a governor's warrant." *Alkerton v. Wingenbach,* —— N.D. ——, 217 N.W.2d 787, 791 (1974). Also see *Dressel v. Bianco,* supra; *People ex rel. Gummow v. Larson,* 35 Ill. 2d 280, 220 N.E. 2d 165 (1966); *Cohen v. Warden, Montgomery Co. Deten. Ctr., Rockville, Md.,* 252 F. Supp. 666 (D. Md. 1966).

could adequately identify him as the person charged with the crimes is the Florida State's Attorney who filed the information. Appellant has not directed our attention to any authority for this position, nor has our research revealed any. It is well settled, however, that: "In every extradition proceeding, the relator has an absolute right to require that his identity as the person named in the Extradition Requisition be established and proved by the weight of credible evidence." *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 136 (1967). At the habeas corpus hearing, a judge from Broward County, Florida, testified that, prior to his elevation to the bench, he became acquainted with appellant and purchased securities through him. Furthermore, the judge testified that he was present when appellant attempted to sell securities of the Para-Metric Systems, Inc. to one of the victims named in the information filed against the appellant and Para-Metric Systems, Inc. More importantly, the judge testified that some six to eight weeks prior to the habeas corpus hearing, appellant telephoned him and said that he had been arrested and was to be extradited. In view of this testimony, we are convinced that appellant's identity as the person charged in Florida was sufficiently proved by the weight of the credible evidence.

Order affirmed.