# Commonwealth ex rel. Coffman, Appellant, *v.* Aytch.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David Dessen, Leonard Sosnov,* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Mark C. Stephenson, James A. Shellenberger,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for appellee.

OPINION BY JACOBS, J., March 29, 1976:

On November 4, 1974, appellant James Coffman's petition for Writ of Habeas Corpus was denied by the court below and he was ordered extradited. This appeal followed.

Because the instant case is controlled by our Supreme Court's decision in *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974) and our decisions in *Commonwealth ex rel. Goodroe v. Roth*, 230 Pa. Superior Ct. 70, 326 A.2d 886 (1974) and *Commonwealth v. Woods*, 229 Pa. Superior Ct. 473, 326 A.2d 626 (1974), we reverse the order of the court below denying appellant's petition for Writ of Habeas Corpus.

Appellant was incarcerated in Philadelphia County Prison on November 11, 1973 on a local charge of receiving stolen property. Five fugitive detainers were thereafter lodged against appellant.[1] On November 29, 1973, the local charges were dismissed and appellant's commitment was apparently continued on the basis of the fugitive detainers. On August 19, 1974, over nine months later, appellant was arraigned on three of the five charges and bail was set on each. On the same date appellant filed the first of two Habeas Corpus petitions, claiming that the nine month delay during which no Governor's Warrant was produced and no arraignment held violated the Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, §§15 and 17, 19 P.S. §§191.15 and 191.17. On August 23, 1974, at a bail reduction hearing, the Commonwealth moved to discharge two of the detainers of the three then remaining, because no Governor's Warrants were available. A Governor's Warrant was then produced on the remaining undischarged Illinois detainer which detainer was at that point the only basis for hold-

---

1. The five warrants were lodged as follows: November 19, 1973 (California); November 20, 1973 (United States, Illinois and Florida); November 29, 1972 (Florida). Four of the warrants were ultimately discharged, causing only the Illinois detainer to remain.

ing appellant. After combined hearings on appellant's Habeas Corpus petitions and extradition, held on August 28, 1974 and September 4, 1974, his Habeas Corpus petitions were denied and he was ordered extradited on November 4, 1974.

The Commonwealth contends that we should uphold the lower court's denial of appellant's Habeas Corpus petitions on the basis of our decision in *Commonwealth ex rel. Douglass v. Aytch*, 225 Pa. Superior Ct. 195, 310 A.2d 313, *allocatur refused*, 225 Pa. Superior Ct. *xlii* (1973). *Douglass* is cited for the proposition that a defendant who has been held on detainers and then discharged may be rearrested after discharge. With that principle we agree. Where a defendant has been held on detainers or warrant and is discharged, there is no prohibition against rearrest on a *new* warrant. *See Commonwealth ex rel. Flood v. Pizzo*, 434 Pa. 208, 252 A.2d 656 (1969) ; *Commonwealth ex rel. Douglass v. Aytch*, supra. *See also, Commonwealth ex rel. Knowles v. Lester*, supra at 429 n. 12, 321 A.2d at 641 n. 12.

*Douglass*, however, is not applicable here. Unlike the factual situation presented in *Douglass*, in the present case, appellant was *never discharged* from the Illinois detainer. Moreover, no new warrant was obtained, as was done in *Douglass* and in *Flood*, supra. Since the detainer constituted an arrest, *Commonwealth ex rel. Knowles v. Lester*, supra, the production of a Governor's Warrant was required within a maximum of 90 days of November 20, 1973, the date the Illinois detainer was lodged, and there was no authority to hold appellant beyond the following 90 day period.[2]

---

2. The Commonwealth notes in its brief that its delay in commencement of extradition proceedings was proscribed by our Supreme Court in *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974), but contends that since that decision was not rendered until July 1, 1974, the Commonwealth had no obligation to proceed within a maximum of ninety days prior to that date. This Court *has* applied *Knowles* to detainers lodged prior to

The Commonwealth attempts to cure the ten month delay in producing the Governor's Warrant here by characterizing its production as a "rearrest." We cannot agree with that reasoning. Since there was *no discharge from custody* under the detainer, appellant could not be "rearrested", as that term is used in *Douglass,* on production of the warrant. To hold otherwise would be to strip the 90 day requirement of the Uniform Criminal Extradition Act of any meaning. The Commonwealth urges us to condone all irregularities in a first request merely because under *Douglass* a second requisition is not barred by discharge of the first. This reasoning was rejected in *Commonwealth ex rel. Knowles v. Lester,* supra, and by this Court in *Commonwealth v. McCaine,* 218 Pa. Superior Ct. 274, 275 A.2d 867 (1971), and its adoption could conceivably allow unlimited delay in the production of Governor's Warrants since on production thereof, the violation of Sections 15 and 17 of the Uniform Criminal Extradition Act, 19 P.S. §§191.15 and 191.17, would be irrelevant and without remedy.

Since a Governor's Warrant went unproduced for a period far in excess of the maximum allowable time in this case, the lower court should have granted appellant's petition for Habeas Corpus and appellant should have been discharged.

The Order of November 4, 1974 denying appellant's petition for a Writ of Habeas Corpus and ordering him extradited is reversed and appellant is ordered discharged.

———

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the reversal of the Order of the lower court of November 4, 1974, which, after

———

July 1, 1974, in *Commonwealth ex rel. Goodroe v. Roth,* 230 Pa. Superior Ct. 70, 326 A.2d 886 (1974) and *Commonwealth v. Woods,* 229 Pa. Superior Ct. 473, 326 A.2d 626 (1974); the Commonwealth's contention is thus without merit.

denying appellant's requested habeas corpus relief, ordered his extradition. The majority would discharge the appellant.

On November 9, 1973, appellant was arrested and incarcerated on a Pennsylvania charge of receiving stolen property. While he was in custody at the Philadelphia County Prison, on or about November 20, 1973, an Illinois warrant was lodged as a detainer.[1] Reference was made in this Illinois detainer to an indictment against appellant of two counts of armed robbery. On December 25, 1973, the Governor of Pennsylvania signed his warrant based upon requisition documents sent from the Governor of Illinois. On August 19, 1974, appellant was arraigned on the Illinois fugitive charge. On August 23, 1974, at a bail reduction hearing, such reduction was denied, appellant filed an amended petition for Writ of Habeas Corpus, and appellant was served with and rearrested upon the above warrant of the Governor of Pennsylvania, which was based upon the Illinois information.[2] Hearing on the amended habeas corpus petition was held August 28 and September 4, 1974, after which relief was denied and extradition ordered. It is Judge DOTY's Order reflecting these dispositions which is the subject of the instant appeal.

Appellant argues that the "Uniform Criminal Extradition Act", Act of 1941, July 8, P.L. 288 (19 P.S. §§191.1 *et seq.*) was contravened in that appellant was not brought before a judge within the time required. He argues that more than 270 days elapsed from November 20, 1973, the date of the lodging of the Illinois detainer,

---

1. There were additional detainers lodged by the United States, California, and Florida; but none of these is the subject of this appeal.

2. On the date on which the Pennsylvania warrant was lodged all warrants of arrest under which appellant was incarcerated had been lifted. See transcript of testimony, page 10 and Judge DOTY's Opinion, page 3.

and his August 19, 1974, arraignment. Apparently he is referring to the so-called "270-day rule" in effect at the time, mandating that "trial in a court case in which a written complaint is filed against the defendant after June 30, 1973, but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."[3] I do not comprehend the application of this rule to this factual situation.

There is no question that appellant was properly incarcerated until August 23, 1974. The problem devolves to one of whether appellant could be re-arrested on August 23, 1974, pursuant to the warrant of the Governor of Pennsylvania, signed on December 25, 1973. Any procedural failure of other extradition proceedings is extraneous to this question. Also irrelevant to the issue are the provisions of the Act, *supra*, §§14, 15, and 17, where one may be arrested without a warrant, upon information of fugitive status, and held thirty days or an additional sixty days pending requisition by the demanding state and warrant of the Governor of the custodial state. The facts of this case show that a Pennsylvania warrant was issued pursuant to Illinois information requesting extradition on December 25, 1973. Appellant was not arrested on this warrant until August 23, 1974. While *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974), decided July 1, 1974, mandates that the mere lodging of a detainer on someone already in custody following arrest is itself an arrest, it has been held that re-arrest by warrants executed for purposes of extradition are proper. See *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 228 A.2d 742 (1967) and *Commonwealth ex rel. Douglass v. Aytch*, 225 Pa. Superior Ct. 195, 310 A.2d 313 (1973) allocatur refused.

The propriety of the August 23, 1974 arrest moots appellant's argument under *Knowles, supra*. I believe that

3. Pennsylvania Rule of Criminal Procedure 1100 (a) (1).

re-arrest is proper in this case where no due process-harassment argument can be made. Procedural failures of extradition cannot cleanse an alleged fugitive of his status as a wanted prisoner charged with a criminal offense in the demanding state. Failure to meet procedural requirements of extradition is not a prophylactic measure releasing a defendant who has fled a jurisdiction from the burden of the criminal charge against him. The merits of the case are not met in extradition hearings. I would hold that the re-arrest of appellant when the Commonwealth served the December 25, 1973 Pennsylvania warrant on August 23, 1974, was proper, and arrest was lawfully effected on that date. A hearing five days later fulfills the procedural requirements of the Act, *supra*. I believe that extradition proceedings on the Illinois information were begun properly by the lodging against appellant of the Pennsylvania warrant.

I would affirm the Order.

CERCONE and PRICE, JJ., join in this dissenting opinion.