402 A.2d 1067

**COMMONWEALTH of Pennsylvania ex rel. Alfred D. HOLCOMBE**

v.

**R. Brinton STRODE.**

**Appeal of Alfred D. HOLCOMBE.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided May 11, 1979.

---

40

Waring R. Fincke, State College, and with him Alan Ellis, State College, for appellant.

Robert F. Banks, First Assistant District Attorney, for appellee Strode.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

This is an appeal from the order of the court below denying appellant's petition for a writ of habeas corpus and ordering his extradition to New York. Appellant's sole contention is that his confinement was not in accordance with the Uniform Criminal Extradition Act.[1] We disagree and affirm.

The pertinent facts are as follows. Late in the evening of April 8, 1977, appellant was arrested at a motel in Lycoming County by a representative of the New York State Police acting in conjunction with a Pennsylvania State trooper.

1. Act of July 8, 1941, P.L. 288, § 1 et seq., 19 P.S. § 191.1 et seq.

The arrest was based on the fact that fugitive warrants had previously been issued by a New York state judge charging appellant with being under indictment for criminal possession of a controlled substance and bail jumping. Early the following morning, April 9, 1977, appellant was taken before a local magistrate where a complaint was filed charging him with being a fugitive from justice from the State of New York. Bail was set at $75,000 and in default in posting it appellant was committed to the Lycoming County jail. Counsel was appointed to represent appellant on April 14, 1977.

On May 23, 1977, the Commonwealth of Pennsylvania withdrew the fugitive complaint that had been filed against appellant on April 9, 1977. That same day, however, the Commonwealth lodged a new fugitive from justice complaint against appellant.[2] A preliminary hearing was held on this new complaint on June 1, 1977, and appellant was committed to the county prison for a period of thirty (30) days pursuant to Section 15 of the Uniform Criminal Extradition Act, supra. 19 P.S. § 191.15.

On June 23, 1977, appellant, pursuant to Section 7 of the Act, supra, was formally arrested on a warrant issued by the Governor of Pennsylvania. 19 P.S. § 191.7. Subsequently, on July 7, 1977, appellant filed his petition for a writ of habeas corpus and a hearing was held on July 15, 1977. On July 19, 1977, the petition was denied and extradition ordered. This appeal followed.

Appellant does not challenge the sufficiency of the evidence to order extradition.[3] Rather, appellant's sole contention is that his petition for a writ of habeas corpus should

2. Appellant was immediately arraigned on this new complaint and remanded to jail for failure to post bail in the amount of $10,000.

3. "Extradition is a constitutionally mandated process and will be ordered if the subject of the extradition (1) is charged with a crime in the demanding state, (2) is a fugitive from the demanding state, (3) was present in the demanding state at the time of the commission of the crime, and (4) if the requisition papers are in order." *Commonwealth ex rel. Berry v. Aytch*, 253 Pa.Super. 312, 316, 385 A.2d 354, 356 (1970).

have been granted because he was incarcerated in excess of thirty (30) days without an extension of time having been granted pursuant to 19 P.S. § 191.17.

Section 15 of the Uniform Criminal Extradition Act, supra, 19 P.S. § 191.15, provides that an alleged fugitive may be committed to custody for up to thirty (30) days pending arrival of the Governor's warrant. Section 17 of the Act, supra, 19 P.S. § 191.17, states that if the Governor's warrant has not arrived within the prescribed thirty day period then the fugitive may be recommitted for an additional sixty (60) days to await formal arrest under the Governor's warrant. In addition, it is well-settled that "[w]here a defendant has been held on detainers or warrant and is discharged, there is no prohibition against rearrest on a new warrant." *Commonwealth ex rel. Coffman v. Aytch*, 238 Pa.Super. 584, 587, 361 A.2d 652, 654 (1976). In the instant case, the proceedings which were set in motion on April 8, 1977, were dismissed by the Commonwealth on May 23, 1977, because the necessary requisition documents had not yet arrived from New York within the thirty day allowable period. While the Commonwealth could have sought a sixty day extension under 19 P.S. § 191.17, it instead elected to withdraw the first fugitive complaint and file a second complaint on May 23. Furthermore, appellant was rearrested and arraigned on the new complaint that same day. Appellant, relying on *Commonwealth ex rel. Coffman v. Aytch*, supra, contends that this procedure was improper and requires his discharge. Several reasons compel us to conclude otherwise.

Initially, we find *Coffman*, supra, distinguishable. In that case, the appellant had been incarcerated on unrelated local charges when on November 20, 1973, an Illinois warrant was lodged as a detainer. Although the local charges were dismissed shortly thereafter, Coffman was not arraigned on the Illinois fugitive warrant until nine months after the warrant had been lodged as a detainer. Coffman's habeas corpus petition, alleging that the nine month delay violated the Act, supra, was denied. On appeal, we reversed and rejected the Commonwealth's argument that the ten month

delay in producing the Governor's warrant was cured by labeling its production as a "rearrest." We distinguished *Coffman,* supra, from *Commonwealth ex rel. Douglass v. Aytch,* 225 Pa.Super. 195, 310 A.2d 313 (1973) and *Commonwealth ex rel. Flood v. Pizzo,* 434 Pa. 208, 252 A.2d 656 (1969) by stating: "Unlike the factual situation presented in *Douglass,* in the present case appellant was *never discharged* from the Illinois detainer. Moreover, no new warrant [detainer] was obtained, as was done in *Douglass* and in *Flood,* supra." (Emphasis in original.) *Commonwealth ex rel. Coffman v. Aytch,* supra, 238 Pa.Super. at 587, 361 A.2d at 654.

In the instant case, unlike *Coffman,* appellant was arraigned on April 9, 1977 on the initial fugitive complaint, and on May 23, 1977, on the newly initiated second complaint. Both arraignments occurred well within the statutorily prescribed 90 day period. More importantly, appellant was "discharged" from the initial complaint, albeit momentarily, and rearrested upon the filing of the new complaint pursuant to which a Governor's warrant was subsequently produced. Under these circumstances, *Coffman* is inapplicable.

Furthermore, even were we inclined to agree with appellant's contention that he was incarcerated beyond the thirty days provided for in 19 P.S. § 191.15, we believe appellant's failure to raise this issue prior to his arrest under the Governor's warrant precludes relief. Although appellant was represented by counsel from at least April 14, 1977, his petition for a writ of habeas corpus contesting the validity of his detention was not filed until July 7, 1977, or two weeks after his arrest pursuant to the valid Governor's warrant on June 23, 1977. As Judge Spaeth, citing several decisions from other jurisdictions, has stated: "Absent a violation of the rule of *Commonwealth ex rel. Knowles v. Lester,* 456 Pa. 423, 321 A.2d 637 (1974), habeas corpus relief is warranted only when sought after the expiration of the prescribed period (whether thirty or, if extended, ninety days) *and before* a governor's warrant is executed." (Cita-

tions omitted; SPAETH, J., concurring.) *Commonwealth ex rel. Myers v. Case*, 250 Pa.Super. 242, 249, 378 A.2d 917, 920 (1977). See also *Commonwealth ex rel. Stile v. Florida*, 235 Pa.Super. 10, note 5 at 14, 340 A.2d 534 (1975). In short, once the relator has been arrested under the authority of a valid Governor's warrant, the legality or illegality of the prior extradition proceedings becomes moot. *People ex rel. Vasquez v. Pratt*, 24 Ill.App.3d 927, 322 N.E.2d 74 (1975). Accordingly, for all of the foregoing reasons appellant's argument pertaining to the legality of his incarceration prior to execution of the Governor's warrant must be rejected.

Order affirmed.

SPAETH, J., files a concurring statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I concur because I agree with the majority that by waiting until his arrest, appellant lost his right to relief. *See* the last paragraph of the majority's opinion. We should say no more than that.